ROBERT N. PIERCE, EMPLOYEE, PLAINTIFF v. AUTOCLAVE BLOCK CORPORATION, EMPLOYER; AETNA CASUALTY AND SURETY COMPANY, CARRIER, DEFENDANTS

No. 7519IC434

(Filed 15 October 1975)

**Master and Servant § 90— workmen's compensation claim — no written notice to employer — recovery denied**

Trial court properly denied plaintiff recovery for an injury by accident arising out of and in the course of his employment where

plaintiff failed to give the employer written notice within thirty days after the accident, and plaintiff failed to show (1) that there was reasonable excuse for not giving the written notice, and (2) the employer was not prejudiced thereby. G.S. 97-22.

APPEAL by plaintiff from order of the North Carolina Industrial Commission entered 28 February 1975. Heard in the Court of Appeals 17 September 1975.

This is a claim under the Workmen's Compensation Act in which plaintiff contends he received a compensable injury on 25 September 1969. The parties stipulated that on the occasion of the alleged injury, the parties were subject to, and bound by, the provisions of the act, that the employer-employee relationship existed between plaintiff and defendant employer, and that defendant insurance company was the carrier. Pertinent findings of fact by the hearing commissioner are summarized as follows:

Plaintiff began working with defendant employer as a laborer on 9 September 1969. On the morning of Thursday, 25 September 1969, plaintiff, while "duck-walking" backwards from under a freight car, lost his balance and twisted his left knee. He continued working but his knee began swelling and hurting, making it necessary for him to go home some two and one-half hours later. A short while after the occurrence, plaintiff told his foreman about the injury and he gave plaintiff permission to go home. The next day, around noon, plaintiff went to defendant employer's office and picked up his payroll check. He returned to the premises the following Monday but, being unable to perform physical labor, he left the job and did not return to work. He did not obtain medical attention for his knee until 3 November 1969. After examination and treatment in the offices of several doctors during November and December 1969, he entered a veterans' hospital on 2 January 1970 where surgery was performed by the removal of a meniscus from his knee on 6 January 1970. Plaintiff had a satisfactory recovery and was discharged from the hospital on 10 January 1970. On 5 February 1970, plaintiff went to the office of defendant employer and made a written report of the injury.

Plaintiff sustained an injury by accident arising out of, and in the course of, his employment, including a 10 percent permanent partial disability of his left leg. However, plaintiff failed to give defendant employer written notice of his injury

as required by G.S. 97-22 within 30 days after 25 September 1969, and no reasonable excuse has been given for failure to give written notice. Plaintiff did not seek medical attention for his knee until almost six weeks after the injury occurred; therefore, he did not procure timely medical care. Defendant employer has been prejudiced by the failure of plaintiff to give written notice within 30 days and by his delay in seeking medical attention.

The hearing commissioner made conclusions of law based on the stipulations and findings of fact and denied any recovery. Plaintiff noted exceptions to the hearing commissioner's findings and conclusions and appealed to the full commission who overruled the exceptions and affirmed the hearing commissioners' order.

Plaintiff appealed.

*Haywood, Denny & Miller, by John D. Haywood, for plaintiff appellant.*

*Miller, Beck, O'Briant and Glass, by Adam W. Beck, for defendant appellees.*

BRITT, Judge.

Plaintiff's assignments of error relate to the commission's determination that plaintiff failed to prove reasonable excuse for not giving written notice as required by G.S. 97-22, and that defendant employer was prejudiced by the failure of plaintiff to give written notice within 30 days following the accident. We find no merit in the assignments.

G.S. 97-22 provides in pertinent part: " . . . but no compensation shall be payable unless such written notice is given within 30 days after the occurrence of the accident or death, unless reasonable excuse is made to the satisfaction of the Industrial Commission for not giving such notice and the Commission is satisfied that the employer has not been prejudiced thereby."

The quoted statute clearly requires *written* notice by an injured employee to his employer within 30 days after the occurrence of the accident or death unless the commission is satisfied of two things: (1) that there was reasonable excuse for not giving the written notice, *and* (2) the employer was not prejudiced thereby.

We think it was incumbent on plaintiff to show reasonable excuse for failing to provide written notice. *Garmon v. Tridair Industries,* 14 N.C. App. 574, 188 S.E. 2d 523 (1972). This he failed to do. With respect to lack of prejudice to defendant employer, for plaintiff to prevail on this point required a positive finding that defendant employer had *not* been prejudiced by failure of plaintiff to provide written notice. We think the commission was fully justified in declining to make that finding.

For the reasons stated, the order appealed from is

Affirmed.

Judges PARKER and CLARK concur.