GROVER NELSON HILL, EMPLOYEE-PLAINTIFF, APPELLEE v. BIO-GRO SYSTEMS, EMPLOYER; AND AETNA INSURANCE COMPANY, CARRIER, DEFENDANTS, APPELLANTS

No. 8410IC544

(Filed 19 February 1985)

1. **Master and Servant § 55.3— Industrial Commission's findings of injury—supported by evidence**

    The evidence, though conflicting, supported the Industrial Commission's finding that plaintiff had sustained an injury to his foot by accident arising out of his employment where the evidence showed that plaintiff was employed as a truck driver, that he worked 13¾ hours in sub-freezing temperatures, that he caught his boot on a clearance light in the step of the truck cab, that he "twisted" his boot with his hands to get it free, that he did not feel any pain until the next morning, and that a doctor diagnosed plaintiff as having a comminuted fracture of the heel bone. Plaintiff's doctor testified that in his opinion the fracture was caused when plaintiff caught his foot on the truck step and twisted it, that he would not expect someone moving their foot back and forth to exert enough force to cause a fracture, that plaintiff could do more trauma to his foot than others due to a diabetic condition and resulting loss of sensation in his foot, and that it was possible for plaintiff to have injured his foot when he "wrenched" it free.

**2. Master and Servant § 90— Industrial Commission findings as to employer's actual notice of injury—evidence sufficient**

There was ample evidence to support the Industrial Commission's findings that defendant had actual knowledge of plaintiff's injury within a week and was not prejudiced by lack of formal written notice in that plaintiff told his supervisor about the accident before he was aware of his injury, that his wife called the project manager and told him that plaintiff had injured his foot after he became aware of his injury, that plaintiff's supervisor told him that an accident report would be sent and that his medical bills would be covered, and that plaintiff had no further contact with the supervisor or plant manager after the supervisor told plaintiff that Bio-Gro Systems had lost the contract and terminated plaintiff's employment. G.S. 97-22.

APPEAL by defendants from the North Carolina Industrial Commission. Opinion and award entered 20 March 1984. Heard in the Court of Appeals 15 January 1985.

Plaintiff instituted this proceeding seeking compensation for an accidental injury to his left foot allegedly sustained while working as a truck driver for the defendant, Bio-Gro Systems, on 8 January 1981. The parties stipulated that an employment relationship existed between the plaintiff employee and the defendant employer and that on the date of the alleged accidental injury the parties were subject to and bound by the provisions of the Workers' Compensation Act. After a hearing, Deputy Commissioner Lawrence B. Shuping, Jr. found that the plaintiff had

sustained an accident arising out of and in the course of his employment; however, such accident did not result in the injury, and more particularly the fracture of his left os calcis, for which the claimant hereby seeks compensation, in that such accident did not result in sufficient trauma to produce such an injury.

Deputy Commissioner Shuping denied the plaintiff's claim on 6 August 1982 and plaintiff appealed to the Full Commission.

The Full Commission, with Chairman Stephenson dissenting, reversed the decision of the deputy commissioner, and found that the plaintiff had sustained an injury by accident arising out of and in the course of his employment and that plaintiff was entitled to compensation for temporary total disability. From the opinion and award of the Full Commission, the defendants appealed to this Court.

*Pfefferkorn, Cooley, Pishko & Elliot, P.A., by David C. Pishko, for plaintiff appellee.*

*Womble, Carlyle, Sandridge & Rice, by Richard T. Rice, for defendants appellants.*

MARTIN, Judge.

The questions before us on this appeal are whether the Commission erred in finding that plaintiff sustained injury as a result of the job related accident which occurred on 8 January 1981, and whether the Commission erred in its determination that the failure of the plaintiff to give written notice of the accident as required by G.S. 97-22, resulted in no prejudice to defendant employer. We find the evidence, though conflicting, sufficient to support the contested findings of fact and that the findings reasonably support the conclusions of law. We therefore affirm the Commission's award.

The applicable scope of appellate review on appeal from an award of the Industrial Commission is limited to a determination of whether there was any competent evidence to support the Commission's findings and whether such findings support its legal conclusions. *McLean v. Roadway Express*, 307 N.C. 99, 296 S.E. 2d 456 (1982); *Hansel v. Sherman Textiles*, 304 N.C. 44, 283 S.E. 2d 101 (1981). Findings of fact made by the Commission are conclusive on appeal when supported by competent evidence. This is so even though there is evidence to support findings to the contrary. *McLean, supra; Morrison v. Burlington Industries*, 304 N.C. 1, 282 S.E. 2d 458 (1981).

Defendants challenge the Commission's finding that:

7. Plaintiff suffered an injury by accident arising out of and in the course of his employment on January 8, 1981. This accident occurred when plaintiff, upon exiting his cab, got his foot caught on a broken light on the cab step and had to use his hands to wrench it free. As a result of this accident, plaintiff sustained a fractured os calcis (heel bone). Plaintiff was not immediately aware of injury and suffered no pain until he arose the following morning. Nerve damage to his foot due to diabetes caused plaintiff to have a loss of sensation in this foot which meant he could experience more trauma to it,

without realizing it, than a person not suffering from such affliction. This lack of sensation would have been even greater at the time of the accident due to the plaintiff's exposure to the outside temperature which was below the freezing mark, and which caused plaintiff's body to be nearly frozen.

[1]  The evidence before the Commission discloses that the plaintiff was employed as a truck driver for Bio-Gro Systems. He worked for approximately 13¾ hours on 8 January 1981 in subfreezing temperatures. At the end of his work day, as he started to exit the cab of the truck, he caught the toe of his boot on a clearance light in the step of the truck cab. He "twisted" his boot with his hands to get it free. He did not feel any pain at that time, but upon awakening the next morning, his left foot was swollen and painful. After several days, he sought medical treatment from his family doctor, who diagnosed his injury as a strain. When it did not improve, he sought treatment from Dr. Jemison on 17 March 1981. Dr. Jemison testified that the plaintiff was diabetic and, as a result, had decreased sensation in his foot and was more susceptible to infection. He diagnosed the plaintiff as having a comminuted fracture of the left os calcis (heel bone) and cellulitis (an inflammation of the tissue around the fracture). The plaintiff later developed complications requiring hospitalization, surgery and an extended recuperative period. Dr. Jemison testified that in his opinion the fracture was caused when plaintiff caught his foot on the truck step and "twisted it." In later testimony, upon examination by defendants' counsel, Dr. Jemison testified that if someone caught their toe and, in attempting to free the toe, moved their foot back and forth with their hands, he would not expect the movement to exert enough force to cause a fracture. He testified, however, that due to the plaintiff's diabetic condition and resulting lack of sensation in his foot, he could do more trauma to it, without realizing it, than a person without that condition. Dr. Jemison then proceeded, on redirect examination, to state that it was possible for plaintiff to have injured his foot when he "wrenched" it free.

Defendants contend that Dr. Jemison's opinion that the injury occurred when the plaintiff "twisted" his foot is rendered incompetent because the hypothetical question posed by plaintiff's counsel assumed facts not in evidence, i.e., that the plaintiff had "twisted" his foot. A close reading of the transcript reveals that

plaintiff testified ". . . when I got my foot hung, I twisted my boot like this to get out." Defendants' counsel later asked, "when you say 'twisted,' talking about wiggling your foot back and forth?" Plaintiff answered "Right." The hypothetical question posed by plaintiff's counsel, in which he asked the doctor to assume that plaintiff had "twisted" his foot was supported by the plaintiff's own testimony. The doctor's response that, in his opinion, the twisting was the cause of the injury was competent. When he later testified that he would not expect that a movement of the foot back and forth with one's hands would produce sufficient trauma to cause a fracture, he did not withdraw his earlier opinion; in fact, he subsequently reiterated his earlier opinion, that a twisting motion can produce the type of injury which plaintiff sustained.

If the evidence, viewed in the light most favorable to the complainant, tends directly or by reasonable inference to support the Commission's findings, these findings are conclusive on appeal even though there may be evidence to support findings to the contrary. *Click v. Freight Carriers*, 300 N.C. 164, 265 S.E. 2d 389 (1980). Viewing the expert testimony of Dr. Jemison and the lay testimony of plaintiff that he developed the swelling and pain in his foot within a few hours of the accident, we believe that there was competent evidence in the record to support the Commission's finding that the plaintiff sustained the injury to his foot by reason of the accident on 8 January 1981, which arose out of his employment with Bio-Gro Systems.

[2] Defendants also contend that the Commission erred in finding that Bio-Gro Systems had actual knowledge of plaintiff's injury within a week of the accident and in its conclusion that Bio-Gro Systems, therefore, had not been prejudiced by lack of formal written notice. Again, we find ample competent evidence to support the Commission's findings. Plaintiff testified that he told his supervisor about catching his foot on the light shortly after the accident occurred, but before he had suffered any pain and therefore was unaware of his injury. On the morning following the accident, plaintiff's wife called his place of employment. Bio-Gro Systems' project manager admitted that plaintiff's wife had called him and advised him that the plaintiff had hurt his foot and would not be in that day. On the Wednesday following the accident, plaintiff called his supervisor to ask about returning to

work. The supervisor told him to stay out until the following Monday to give his foot a chance to heal. When he returned to work the following Monday, plaintiff asked his supervisor to send an accident report. His supervisor told him that he would get around to it and not to worry about the doctor bills, that the company had insurance to cover it.

G.S. 97-22, in pertinent part, provides:

> Every injured employee or his representative shall immediately on the occurrence of an accident, or as soon thereafter as practicable, give or cause to be given to the employer a written notice of the accident, . . . but no compensation shall be payable unless such written notice is given within 30 days after the occurrence of the accident or death, unless reasonable excuse is made to the satisfaction of the Industrial Commission for not giving such notice and the Commission is satisfied that the employer has not been prejudiced thereby.

The evidence, when viewed in the light most favorable to the plaintiff, shows that the plaintiff told his supervisor about the accident. After the plaintiff became aware that he had been injured, his wife called the project manager and told him that the plaintiff had injured his foot. The supervisor told plaintiff that an accident report would be sent and that his medical bills would be covered. The supervisor then terminated the plaintiff's employment, telling him that Bio-Gro Systems had lost the contract. Plaintiff had no further contact with the supervisor or plant manager. This evidence is sufficient to support the Commission's finding that the employer had actual notice of the injury by accident. The finding is sufficient to support the conclusion that no prejudice resulted to Bio-Gro Systems by the failure of plaintiff to give a formal written notice of the accident injury.

Defendants' assignments of error are overruled and the opinion and award of the Industrial Commission is affirmed.

Affirmed.

Judges ARNOLD and WELLS concur.