DAVID NOBLE WATTS, EMPLOYEE, PLAINTIFF V. BORG WARNER AUTOMOTIVE, INC., EMPLOYER, AND LUMBERMENS MUTUAL CASUALTY COMPANY, CARRIER, DEFENDANTS

No. COA04-895

(Filed 21 June 2005)

**Workers' Compensation— additional findings of fact required—reasonable excuse—causation**

The Industrial Commission erred in a workers' compensation case by awarding plaintiff temporary total disability benefits and medical expenses without making adequate findings of fact on: (1) whether plaintiff had a reasonable excuse and the employer was not prejudiced by the delay in giving written notice as required by N.C.G.S. § 97-22; and (2) causation of the injury. Thus, the case is remanded for further findings.

Judge ELMORE concurring.

Judge TYSON dissenting.

Appeal by Defendants from Opinion and Award entered 4 March 2004 by the North Carolina Industrial Commission. Heard in the Court of Appeals 22 March 2005.

*The Law Office of David Gantt, by David Gantt, for plaintiff-appellee.*

*Hedrick, Eatman, Gardner & Kincheloe, LLP, by Hope F. Smelcer and Angela M. Easley, for defendants-appellants.*

1

WYNN, Judge.

The Industrial Commission is required to make findings on crucial facts upon which the right to compensation depends. *Gaines v. L. D. Swain & Son, Inc.*, 33 N.C. App. 575, 579, 235 S.E.2d 856, 859 (1977). In this matter, the full Commission made no findings of fact whether, under the circumstances, Plaintiff had a reasonable excuse and the employer was not prejudiced for delay in giving written notice as required by section 97-22 of the North Carolina General Statutes. Additionally, the full Commission failed to make any findings of fact determining causation of the injury. Accordingly, we remand this case for further findings of fact.

Plaintiff David Noble Watts filed two workers' compensation claims alleging that he injured his lower back on 28 October 1999 and 26 May 2000 while lifting turbos. Mr. Watts filed an additional claim alleging that he injured his cervical spine and right hand and fingers while building turbos on 16 May 2000.

Following the 28 October 1999 injury, Mr. Watts went to a chiropractor, Dr. James Dutton, for back pain and did not report the injury as work-related. Dr. Dutton referred Mr. Watts to Dr. Stewart Harley, an orthopedic surgeon. On 24 November 1999, Dr. Harley saw Mr. Watts for lower back pain. Mr. Watts told Dr. Harley the injury was not a workers' compensation claim.

From 28 October 1999 until he was terminated on 30 April 2001, Mr. Watts was periodically absent from work and received short-term disability benefits while recovering from back surgery. During this period, Mr. Watts never told his supervisor or human resources that his injury was work-related. Mr. Watts filed four separate weekly indemnity forms for health benefits with Defendant Borg Warner Automotive, Inc., and stated in the four forms that the claims were not the result of a work-related illness or injury. Borg Warner terminated Mr. Watts on 30 April 2001 for failure to comply with its absence policy.

On 3 July 2001, Mr. Watts completed three separate Form 18s giving Borg Warner notice of the accident and claim. Borg Warner denied the claims. The case was heard before Deputy Commissioner Morgan S. Chapman on 11 July 2002. Deputy Commissioner Chapman filed an Opinion and Award denying all claims. Mr. Watts appealed to the full Commission. The full Commission reversed the award with regard to the 28 October 1999 claim number 152657, and awarded Mr. Watts temporary total disability benefits from 28 October 1999 through 27

WATTS v. BORG WARNER AUTO., INC.

[171 N.C. App. 1 (2005)]

December 1999 and ordered Borg Warner to pay for related medical expenses and attorney's fees. Borg Warner appealed the Opinion and Award as it related to claim number 152657.

On appeal, Borg Warner argues that the full Commission erred in awarding Mr. Watts temporary total disability benefits and medical expenses because (1) Mr. Watts's claim was barred by his failure to timely notify Borg Warner in writing of his injury; and (2) Mr. Watts did not sustain a compensable injury arising out of his employment. Because the full Commission failed to make adequate findings of fact on both issues, we remand this case for further findings of fact.

The standard of review for this Court in reviewing an appeal from the full Commission is limited to determining "whether any competent evidence supports the Commission's findings of fact and whether the findings of fact support the Commission's conclusions of law." *Deese v. Champion Int'l Corp.*, 352 N.C. 109, 116, 530 S.E.2d 549, 553 (2000). Our review " 'goes no further than to determine whether the record contains any evidence tending to support the finding.' " *Adams v. AVX Corp.*, 349 N.C. 676, 681, 509 S.E.2d 411, 414 (1998) (citation omitted). The full Commission's findings of fact "are conclusive on appeal when supported by competent evidence," even if there is evidence to support a contrary finding, *Morrison v. Burlington Indus.*, 304 N.C. 1, 6, 282 S.E.2d 458, 463 (1981), and may be set aside on appeal only "when there is a complete lack of competent evidence to support them[.]" *Young v. Hickory Bus. Furniture*, 353 N.C. 227, 230, 538 S.E.2d 912, 914 (2000) (citation omitted). Further, all evidence must be taken in the light most favorable to the plaintiff, and the plaintiff "is entitled to the benefit of every reasonable inference to be drawn from the evidence." *Deese*, 352 N.C. at 115, 530 S.E.2d at 553.

Borg Warner argues that the full Commission erred in awarding Mr. Watts temporary total disability benefits and medical expenses because Mr. Watts's claim was barred by his failure to timely notify Borg Warner, in writing, of his injury. Because the full Commission failed to make adequate findings of fact, we remand for further findings.

Section 97-22 of the North Carolina General Statutes provides in pertinent part:

no compensation shall be payable unless such written notice is given within 30 days after the occurrence of the accident or

death, unless reasonable excuse is made to the satisfaction of the Industrial Commission for not giving such notice and the Commission is satisfied that the employer has not been prejudiced thereby.

N.C. Gen. Stat. § 97-22 (2004). Section 97-22 clearly requires *written* notice be given by the injured employee to the employer within thirty days. *Pierce v. Autoclave Block Corp.*, 27 N.C. App. 276, 278, 218 S.E.2d 510, 511 (1975).

Here, both parties agree that Mr. Watts did not give written notice of injury to his employer until twenty months after the injury occurred. Since Mr. Watts failed to provide written notice within the thirty-day time period, (1) he must provide a reasonable excuse for not giving the written notice, and (2) the employer must show prejudice for the delay. *Id.*

Section 97-22 gives the Industrial Commission the discretion to determine what is or is not a "reasonable excuse." N.C. Gen. Stat. § 97-22 (". . . unless reasonable excuse is made *to the satisfaction of the Industrial Commission* . . .") (emphasis added). This Court has previously indicated that included on the list of reasonable excuses would be, for example, " 'a belief that one's employer is already cognizant of the accident . . .' or '[w]here the employee does not reasonably know of the nature, seriousness, or probable compensable character of his injury and delays notification only until he reasonably knows . . . .' " *Jones v. Lowe's Cos., Inc.*, 103 N.C. App. 73, 75, 404 S.E.2d 165, 166 (1991) (quoting *Lawton v. County of Durham*, 85 N.C. App. 589, 592, 355 S.E.2d 158, 160 (1987)); *see also Lakey v. U.S. Airways, Inc.*, 155 N.C. App. 169, 173, 573 S.E.2d 703, 706 (2002) (reasonable excuse because employer knew of injury where employee was injured on employer's aircraft, employer filed an incident report, and employee saw employer's doctor within the thirty days following the injury); *Peagler v. Tyson Foods, Inc.*, 138 N.C. App. 593, 603-04, 532 S.E.2d 207, 214 (2000) (reasonable excuse found because employee did not know nature and character of injury where doctors originally told him he had a heart attack, not a herniated disk). The burden is on the employee to show a "reasonable excuse." *Jones*, 103 N.C. App. at 75, 404 S.E.2d at 166.

In this case, Mr. Watts argues in his brief[1] that his fear of retaliation was the "reasonable excuse" for failing timely to notify Borg

---

1. We note that Plaintiff-Appellee's brief exceeded the page limit. N.C. R. App. P. 28(j). Additionally, Plaintiff-Appellee's "Motion for Waiver of Page Limit to File Plaintiff-Appellee's Brief" was denied by this Court by Order dated 23 November 2004.

WATTS v. BORG WARNER AUTO., INC.

[171 N.C. App. 1 (2005)]

Warner in writing.[2] However, while the full Commission made a finding of fact that the "late reporting did not prejudice defendant and plaintiff's failure to timely report the injury is excused," it failed to make findings of fact to support the conclusion that the delay was due to a "reasonable excuse." Instead, the full Commission made the following conclusion of law which is not supported by adequate findings of fact:

> 5. Plaintiff stated that he did not report his 28 October 1999 injury because when he had filed a previous workers' compensation claim in 1991, he was moved to a job with more difficult duties. He believed the employer was trying to make him quit. He also stated that he feared losing his job. We find this to be a reasonable excuse.

While the Industrial Commission is not required to make specific findings of fact on every issue raised by the evidence, it is required to make findings on crucial facts upon which the right to compensation depends. *Gaines*, 33 N.C. App. at 579, 235 S.E.2d at 859. Specific findings on crucial issues are necessary if the reviewing court is to ascertain whether the findings of fact are supported by competent evidence and whether the findings support the conclusion of law. *Barnes v. O'Berry Ctr.*, 55 N.C. App. 244, 247, 284 S.E.2d 716, 718 (1981). "Where the findings are insufficient to enable the court to determine the rights of the parties, the case must be remanded to the Commission for proper findings of fact." *Lawton v. County of Durham*, 85 N.C. App. 589, 592, 355 S.E.2d 158, 160 (1987) (citing *Hansel v. Sherman Textiles*, 304 N.C. 44, 59, 283 S.E.2d 101, 109-10 (1981)).

Whether an employee has shown reasonable excuse depends on the reasonableness of his conduct under the circumstances. *Lawton*, 85 N.C. App. at 592, 355 S.E.2d at 160. We hold that in this case, the full "Commission made no findings of fact showing that Mr. Watts

---

Thus, this Court did not consider that part of Plaintiff's brief that exceeded the allowable page limit.

2. The dissent asserts that Plaintiff cannot provide a reasonable excuse because "Plaintiff did not give actual notice to defendants and intentionally misrepresented his accident." After throughly examining the record and transcripts, we find no evidence that Plaintiff concealed or intentionally misrepresented his injury. The record shows that when filling out health insurance forms for time off work due to his back injury, Plaintiff did not include that he was hurt at work. However, while he was filling out the health insurance forms, Plaintiff informed his supervisor, Myra Butler, of the nature and cause of his injury by stating "I did say that, you know, I'd hurt my back lifting the turbochargers last week[.]"

feared retaliation if he timely reported his injury." As such, the full Commission's conclusion that a "reasonable excuse" existed under section 97-22 of the North Carolina General Statutes, is not supported by adequate findings of fact. *Lawton*, 85 N.C. App. at 592-93, 355 S.E.2d at 160. Accordingly, this case must be remanded for additional findings. Additionally, if the full Commission finds these circumstances constitute a reasonable excuse, it must then make sufficient findings regarding whether Borg Warner was prejudiced by the delayed notice.[3] *See Lakey*, 155 N.C. App. at 173, 573 S.E.2d at 706; *Pierce*, 27 N.C. App. at 278, 218 S.E.2d at 511.

Borg Warner also argues that the full Commission erred in concluding that Mr. Watts sustained a compensable spine injury arising out of his employment. Because the full Commission failed to make adequate findings of fact on causation, we must remand this matter.

The plaintiff in a workers' compensation case bears the burden of initially proving each and every element of compensability, including causation.[4] *Whitfield v. Lab. Corp. of Am.*, 158 N.C. App. 341, 350, 581 S.E.2d 778, 784 (2003); *Porter v. Fieldcrest Cannon, Inc.*, 133 N.C. App. 23, 28, 514 S.E.2d 517, 521 (1999). Since the full Commission failed to make *any* findings of fact determining causation of the injury, we must remand this case for sufficient findings of fact on causation. *Lawton*, 85 N.C. App. at 592, 355 S.E.2d at 160.

Remanded.

Judge TYSON dissents in a separate opinion.

Judge ELMORE concurs in a separate opinion.

---

3. The dissent asserts that since Plaintiff cannot meet either of the two previously established "reasonable excuses," *i.e.*, that the employer had actual notice or that the employee was unaware of the nature of his injuries, it is unnecessary to remand this case for further findings of fact. However, section 97-22 of the North Carolina General Statutes does not limit what constitutes a reasonable excuse, but instead gives the Industrial Commission discretion to determine if an excuse is reasonable on an individual basis. N.C. Gen. Stat. § 97-22 (". . . unless reasonable excuse is made *to the satisfaction of the Industrial Commission* for not giving such notice . . . ." (emphasis added)).

4. The dissent asserts that "[n]o competent evidence substantiates the required element of the accident causing plaintiff's injury[,]" therefore, the Opinion and Award should be reversed and not remanded. The dissent cites Dr. Bruce Kelly, Plaintiff's family physician, as testifying that "I do not think that his whatever happened at work caused all this . . . ." Dr. Kelly went on to testify that "I think it could have, could have aggravated, accelerated or contributed."

**WATTS v. BORG WARNER AUTO., INC.**

[171 N.C. App. 1 (2005)]

ELMORE, Judge concurring.

I concur in the result and reasoning of the majority opinion on both issues. I write separately in an attempt to guide the Industrial Commission on section 97-22 upon remand.

At the root of this case is the question of whether plaintiff's excuse for not reporting an alleged on-the-job injury within thirty days of its occurrence is reasonable, pursuant to N.C. Gen. Stat. § 97-22. The Full Commission did not make adequate findings on this issue, and thus we deem it necessary to remand for further consideration.

This Court has reviewed the "reasonable excuse" language in section 97-22 many times. *See, e.g., Lakey v. U.S. Airways, Inc.*, 155 N.C. App. 169, 573 S.E.2d 703 (2002); *Davis v. Taylor-Wilkes Helicopter Serv., Inc.*, 145 N.C. App. 1, 549 S.E.2d 580 (2001); *Peagler v. Tyson Foods, Inc.*, 138 N.C. App. 593, 532 S.E.2d 207 (2000); *Westbrooks v. Bowes*, 130 N.C. App. 517, 503 S.E.2d 409 (1998); *Jones v. Lowe's Companies*, 103 N.C. App. 73, 404 S.E.2d 165 (1991); *Lawton v. County of Durham*, 85 N.C. App. 589, 355 S.E.2d 158 (1987); *Sanderson v. Northeast Construction Co.*, 77 N.C. App. 117, 334 S.E.2d 392, (1985); *Hill v. Bio-Gro Systems*, 73 N.C. App. 112, 326 S.E.2d 72 (1985). The majority and dissent in this case highlight a subtle difference in these cases that has not been precisely addressed: whether "reasonable excuse" should be read broadly under the circumstances or strictly construed and limited to two previously identified circumstances.

In *Lawton*, this Court remanded the case to the Full Commission for further findings, but not before interpreting the statutory language.

While a belief that one's employer is already cognizant of the accident may serve as 'reasonable excuse' under G.S. 97-22, *see Key v. Woodcraft, Inc.*, 33 N.C. App. 310, 235 S.E.2d 254 (1977), it is not the only basis for establishing reasonable excuse. **The question of whether an employee has shown reasonable excuse depends on the reasonableness of his conduct under the circumstances.** Where the employee does not reasonably know of the nature, seriousness, or probable compensable character of his injury and delays notification only until he reasonably knows, he has established 'reasonable excuse' as that term is used in G.S. 97-22. *See generally* 3 Larson, *The Law of Workmen's Compensation*, Section 78.40 (1983). Though plaintiff testified

that he did not immediately realize the nature and seriousness of his injury, the Commission made no findings whether, under the circumstances, that constituted a reasonable excuse. Accordingly, this case must be remanded for additional findings.

*Lawton*, 85 N.C. App. at 592-93, 355 S.E.2d at 160. Then, in *Jones*, the Court quoted the language in *Lawton*, not of "reasonableness under the circumstances," but the more definitive text as what constitutes a reasonable excuse.

A 'reasonable excuse' has been defined by this Court to include 'a belief that one's employer is already cognizant of the accident . . .' or '[w]here the employee does not reasonably know of the nature, seriousness, or probable compensable character of his injury and delays notification only until he reasonably knows. . . .'

*Jones*, 103 N.C. App. at 75, 404 S.E.2d at 166 (internal quotations noted above). No Court has yet to hold that any circumstance other than the employer's knowledge of the injury or the employee's lack thereof is a reasonable excuse.

The dissent argues that these are the only two circumstances that warrant a reasonable excuse and plaintiff fails to fall into either. I write separately to stress the fact that the majority does not agree with this limited interpretation of "reasonable excuse." Indeed, the majority opinion cites *Lawton* for the proposition that "[w]hether an employee has shown a reasonable excuse depends on the reasonableness of his conduct under the circumstances." *Lawton*, 85 N.C. App. at 592, 355 S.E.2d at 160. The fact that no opinion has found a reasonable excuse to encompass anything other than the two identified in *Jones* should not limit the Commission's determination of what is reasonable.

TYSON, Judge dissenting.

The majority holds the Commission failed to make adequate findings of fact on: (1) a reasonable excuse for plaintiff's failure to timely notify his employer of an industrial accident; and (2) whether plaintiff's alleged injuries were caused by the accident and remands to the Commission for further findings of fact. Under the facts of and the law applicable to this case, remand is unnecessary. I vote to reverse and respectfully dissent.

**WATTS v. BORG WARNER AUTO., INC.**

[171 N.C. App. 1 (2005)]

## I. Standard of Review

Our review of a Commission's opinion and award "[is] limited to reviewing whether any competent evidence supports the Commission's findings of fact and whether the findings of fact support the Commission's conclusions of law." *Deese v. Champion Int'l Corp.*, 352 N.C. 109, 116, 530 S.E.2d 549, 553 (2000). No findings of fact support the Commission's conclusions of law. This Court reviews conclusions of law *de novo. Grantham v. R. G. Barry Corp.*, 127 N.C. App. 529, 534, 491 S.E.2d 678, 681 (1997), *disc. rev. denied*, 347 N.C. 671, 500 S.E.2d 86 (1998).

## II. Notice Requirement

The Commission found as fact that "[p]laintiff did not report the injury to his employer within 30 days" but concluded as a matter of law that plaintiff's twenty month delay was justified by plaintiff's showing a "reasonable excuse." The majority agrees plaintiff failed to provide defendants notice within the required thirty day time period, but remands the matter for additional findings of fact whether a reasonable excuse was given. Undisputed evidence shows plaintiff failed to notify defendants within the statutorily required thirty days and failed to offer any "reasonable excuse" recognized by any precedent. Remand to the Commission for further findings of fact is unecessary. The Commission's opinion and award is affected with an error of law and should be reversed.

## A. Immediate Notice

N.C. Gen. Stat. § 97-22 (2003) states "every injured employee . . . *shall immediately* on the occurrence of an accident . . . give or cause to be given to the employer a written notice of the accident" and "*no compensation shall be payable* unless such written notice is given *within 30 days* after the occurrence of the accident." (Emphasis supplied). "The purpose of the notice-of-injury requirement is two-fold. It allows the employer to provide immediate medical diagnosis and treatment . . . to minimiz[e] the seriousness of the injury, and . . . [to] facilitate[] the earliest possible investigation of the circumstances surrounding the injury." *Booker v. Medical Center*, 297 N.C. 458, 481; 256 S.E.2d 189, 204 (1979) (N.C. Gen. Stat. § 97-22 inquiries are conducted to prevent prejudice to the employer by lack of notice by the employee).

"The primary goal of statutory construction is to effectuate the purpose of the legislature in enacting the statute." *Hoffman v. Great*

*American Alliance Ins. Co.*, 166 N.C. App. 422, 427, 601 S.E.2d 908, 912 (2004). We are required to interpret notice requirements in N.C. Gen. Stat. § 97-22 to protect the employer's right and to require timely notice of injury. *See Davis v. Taylor-Wilkes Helicopter Serv., Inc.*, 145 N.C. App. 1, 2, 549 S.E.2d 580, 581 (2001) (Both parties knew of the plaintiff's injury within thirty days but believed the plaintiff was an "independent contractor" when he was, in fact, an employee. The Court found reasonable excuse and no prejudice in the delay). Cases cited within Judge Elmore's concurring opinion show either the employer had actual knowledge of the injury or the plaintiff was unaware a compensable injury had occurred: *Lakey v. U.S. Airways, Inc.*, 155 N.C. App. 169, 573 S.E.2d 703 (2002) (The defendant failed to allege prejudice and the delay of five months for written notice did not prejudice the defendant. The Court held the defendant had notice because the plaintiff's incident report was made after the flight was complete.), *disc. rev. denied*, 357 N.C. 251, 582 S.E.2d 271 (2003); *Westbrooks v. Bowes*, 130 N.C. App. 517, 503 S.E.2d 409 (1998) (The defendant conceded immediate notice but contended prejudice by the surviving spouse's filing of a claim a year late. The court remanded for a finding of prejudice because the Commission's award failed to address it.); *Hill v. Bio-Gro Systems*, 73 N.C. App. 112, 326 S.E.2d 72 (1985) (The employee told his supervisor about the accident within a week, but had not suffered any pain and was unaware of his injury. The Court found the defendant was not prejudiced in the delay.); *Sanderson v. Northeast Construction Co.*, 77 N.C. App. 117, 334 S.E.2d 392 (1985) (The employer was on constructive notice because it received a doctor's bill for plaintiff's injury within a month. The Court found no prejudice in the delay.); *see also Chilton v. School of Medicine*, 45 N.C. App. 13, 262 S.E.2d 347 (1980) (The plaintiff was not barred by failure to notify the employer within thirty days where school faculty had personal knowledge of the plaintiff's injury as it happened.).

Here, plaintiff failed to immediately and timely report his alleged 28 October 1999 injury to defendants until July 2001, more than twenty months after the accident. No precedent has allowed a reasonable excuse for a twenty month delay. Under N.C. Gen. Stat. § 97-22, plaintiff's failure to provide notice "immediately on the occurrence of an accident" which caused his alleged injuries bars his workers' compensation claim.

**WATTS v. BORG WARNER AUTO., INC.**

[171 N.C. App. 1 (2005)]

### B. Reasonable Excuse

Plaintiff's failure to timely report the accident places the burden on him to provide a "reasonable excuse" for his delay. The Commission must find and be "satisfied that the employer has not been prejudiced." N.C. Gen. Stat. § 97-22.

The Commission concluded plaintiff's "fear[] [of] losing his job" was a reasonable excuse for his unduly delayed notification to defendants of his injuries. The majority remands to the Full Commission because "the full Commission made no findings of fact showing that [plaintiff] feared retaliation if he timely reported his injury" and whether this "fear" was a reasonable excuse. *Id.*; *Lawton v. County of Durham*, 85 N.C. App. 589, 592-93, 355 S.E.2d 158, 160 (1987) (The Commission did not address the employee's allegation that he did not "realize the nature and seriousness of his injury").

Defendants argue plaintiff failed to give and cannot provide a reasonable excuse for his prejudicial failure to provide written notice to his employer within thirty days. I agree. "The burden is on the employee to show a 'reasonable excuse.'" *Jones v. Lowe's Companies*, 103 N.C. App. 73, 75, 404 S.E.2d 165, 166 (1991) (quoting *Lawton*, 85 N.C. App. at 592, 355 S.E.2d at 160) (Two months after the injury, the employee gave oral notice and sought treatment. Three months after injury, the employee gave written notice. The Court found a reasonable excuse because the plaintiff did not know he was hurt). All prior cases recognized a "reasonable excuse" as either " 'a belief that one's employer is already cognizant of the accident . . .' or '[where] the employee does not reasonably know of the nature, seriousness, or probable compensable character of his injury and delays notification only until he reasonably knows . . . .'" *Id.* Undisputed facts show plaintiff cannot justify his failure of notice under either exception to excuse his noncompliance with the statute.

### 1. Employer Knew of Injury

The Commission erred in concluding as a matter of law that plaintiff gave a reasonable excuse for his failure to notify defendants of the accident. We all agree no findings of fact show the employer was "cognizant of the accident." *Id.* The Commission found: (1) "plaintiff *did not report* a work-related injury to defendant-employer[;]" (2) plaintiff "*did not mention* anything about an injury at work to [the human relations coordinator;]" and (3) "when [plaintiff] complet[ed] the forms regarding disability associated with the neck surgery," he

affirmatively "checked the box stating that the condition *was not the result* of a work-related illness or injury." (Emphasis added). The Commission's findings of fact directly conflict with his employer being "cognizant of the accident" to excuse plaintiff's failure to timely report. *Id.*

Plaintiff not only failed to report his accident to defendants but affirmatively represented his injury was not related to his employment. Plaintiff cannot meet his burden of proving a reasonable excuse existed for his failure to notify his employer of the accident.

### 2. Plaintiff was Unaware of Injury

We also all agree the Commission's findings of fact also cannot support a conclusion that plaintiff was unaware "of the nature, seriousness, or probable compensable character of his injury." *Id.* The Commission found plaintiff was injured on 28 October 1999, visited a chiropractor on 1 November 1999, "missed approximately two weeks of work," and was treated by an orthopedic surgeon. Plaintiff sought treatment from his chiropractor within four days of his injuries. Plaintiff was obviously aware of his injuries throughout these visits and knew or should have known of "the nature, seriousness, or probable compensable character of his injury." *Jones*, 103 N.C. App. at 75, 404 S.E.2d at 166. Plaintiff cannot meet his burden of showing a reasonable excuse by not realizing the "seriousness" of his injuries. *Id.* Undisputed facts also show plaintiff had previously filed a workers' compensation claim and was aware of his duty to promptly notify his employer.

N.C. Gen. Stat. 97-22 requires that a "reasonable excuse is made to the satisfaction of the Industrial Commission." The Commission's finding of fact stated, plaintiff's "late reporting did not prejudice defendant[s] and plaintiff's failure to timely report the injury is excused." The majority correctly holds the Commission failed to make a finding of fact to support its conclusion that plaintiff had a "reasonable excuse." N.C. Gen. Stat. § 97-22.

Undisputed evidence shows plaintiff cannot provide a reasonable excuse to the Commission for his failure to timely notify defendants of his injury. Plaintiff did not give actual notice to defendants and intentionally misrepresented his accident. Defendants were not "cognizant of the accident" and plaintiff was aware "of the nature, seriousness, or probable compensable character of his injury." *See Jones*, 103 N.C. App. at 75, 404 S.E.2d at 166.

Plaintiff's actions directly contravene the purpose of the notice requirement in N.C. Gen. Stat. § 97-22. This Court has recognized claims by a plaintiff where timely notice was not given, if the plaintiff was unaware of the serious nature of their injury. *See Peagler v. Tyson Foods, Inc.*, 138 N.C. App. 593, 532 S.E.2d 207 (2000) (The plaintiff filed a claim after thirty days but showed reasonable excuse that doctors mis-diagnosed his injury as a heart attack when the actual injury was a herniated disc and the plaintiff depended on his wife and doctor to notify the defendant of his work-related injuries.).

Here, plaintiff knew of his injuries, immediately sought treatment for them, and did not report the accident to his employer. Plaintiff's actions are easily distinguishable from all precedents upholding reasonable excuses. Plaintiff claims he failed to report his injuries for "fear[] [of] losing his job." The purpose of the notice requirement in N.C. Gen. Stat. § 97-22 is not for the benefit of the employee, but rather to provide actual notice to the employer. Plaintiff cannot meet his burden to show a reasonable excuse. *Jones*, 103 N.C. App. at 75, 404 S.E.2d at 166. The Commission's opinion and award should be reversed.

### C. Prejudice to Employer

Defendants suffered prejudice as a matter of law by plaintiff's delay regardless of the Commission's conclusion that plaintiff had a reasonable excuse.

N.C. Gen. Stat. § 97-22 requires both a "reasonable excuse" and a showing "that the employer has not been prejudiced" if notice of an injury is untimely. "If prejudice is shown, [e]mployee's claim is barred even though he had a reasonable excuse for not giving notice of the accident within 30 days." *Id.* at 76, 404 S.E.2d at 167. The purpose of the requirement of notice is to prevent prejudice toward the employer. "The purpose is dual: First, to enable the employer to provide immediate medical diagnosis and treatment with a view to minimizing the seriousness of the injury; and second, to facilitate the earliest possible investigation of the facts surrounding the injury." *Id.* at 76-77, 404 S.E.2d at 167; *Booker*, 297 N.C. at 481, 256 S.E.2d at 204; *see* 2B Larson's Workmen's Compensation Law § 78.10, 15-102.

Plaintiff delayed reporting his accident for nearly two years after it occurred. Without notice, defendant-employer was: (1) unable to provide plaintiff with immediate medical diagnosis; (2) unable to provide plaintiff with treatment and could not initiate the earliest possible investigation of the facts; (3) unable to interview employees who

may have witnessed plaintiff's injuries; (4) unable to investigate the site where the alleged injury occurred; and (5) unable to provide or direct plaintiff's medical treatment. *Jones*, 103 N.C. App. at 76-77, 404 S.E.2d at 167.

We all agree that although "the Commission is not required to make findings of fact concerning each question raised by the evidence, . . . it is required to make specific findings pertaining to these crucial facts upon which plaintiff's claim rests." *Barnes v. O'Berry Center*, 55 N.C. App. 244, 246, 284 S.E.2d 716, 717 (1981).

The Commission's conclusion of law, "[d]efendant-employer has not shown prejudice for plaintiff's late filing of this claim" is unsupported by its findings of fact. The only finding of fact made by the Commission is plaintiff's "late reporting did not prejudice defendant . . . . " This statement is actually a conclusion of law and does not explain or support the Commission's finding. The Commission failed to consider each of the factors above. *Jones*, 103 N.C. App. at 76-77, 404 S.E.2d at 167. If no finding of fact supports the Commission's conclusion of law, our review is *de novo*. *Grantham*, 127 N.C. App. at 534, 491 S.E.2d at 681. Defendants were prejudiced by plaintiff's delayed notification as a matter of law. *Jones*, 103 N.C. App. at 76, 404 S.E.2d at 167. Remand is unnecessary where plaintiff cannot offer any recognized "reasonable excuse" to overcome prejudice to defendants. The Commission's opinion and award should be reversed.

### III.  Causation

Defendants argue the Commission failed to make adequate findings of fact on causation.

We all agree the Commission "failed to make adequate findings of fact on causation," but the majority remands for further findings of fact. Our Supreme Court has repeatedly held "that the entirety of causation evidence" must "meet the reasonable degree of medical certainty standard necessary to establish a causal link between" the plaintiff's accident and their injury. *Holley v. ACTS, Inc.*, 357 N.C. 228, 234, 581 S.E.2d 750, 754 (2003); *Edmonds v. Fresenius Med. Care*, 165 N.C. App. 811, 600 S.E.2d 501 (2004) (J. Steelman, dissenting), *rev'd per curiam*, 359 N.C. 313, 608 S.E.2d 755 (2005); *Alexander v. Wal-Mart Stores, Inc.*, 166 N.C. App. 563, 603 S.E.2d 552 (2004) (J. Hudson dissenting), *rev'd per curiam*, 359 N.C. 403, 610 S.E.2d 374 (2005).

"Unless a causal connection between employment and injury is proved, the injury is not compensable. The burden of proving the

causal relationship or connection rests with the claimant." *Arp v. Parkdale Mills, Inc.*, 150 N.C. App. 266, 274, 563 S.E.2d 62, 68 (2002) (J. Tyson, dissenting), *rev'd per curiam*, 356 N.C. 657, 576 S.E.2d 326 (2003). "The rule of causal relation is 'the very sheet anchor of the Workmen's Compensation Act,' and has been adhered to in our decisions, and prevents our Act from being a general health and insurance benefit act." *Id.* (quoting *Bryan v. First Free Will Baptist Church*, 267 N.C. 111, 115, 147 S.E.2d 633, 635 (1966)).

"Although expert testimony as to the possible cause of a medical condition is admissible[,] . . . it is insufficient to prove causation, particularly 'when there is additional evidence or testimony showing the expert's opinion to be a guess or mere speculation.' " *Edmonds*, 165 N.C. App. at 818, 600 S.E.2d at 506 (quoting *Holley*, 357 N.C. at 233, 581 S.E.2d at 753).

"Although medical certainty is not required, an expert's 'speculation' is insufficient to establish causation." *Holley*, 357 N.C. at 234, 581 S.E.2d at 754. In *Alexander*, our Supreme Court held "the role of the Court of Appeals is 'limited to reviewing whether any competent evidence supports the Commission's findings of fact and whether the findings of fact support the Commission's conclusions of law.' " 166 N.C. App. at 573, 603 S.E.2d at 558 (quoting *Deese*, 352 N.C. at 116, 530 S.E.2d at 553).

Plaintiff's orthopedic surgeon, Dr. Moody, testified plaintiff's "work injury could have aggravated and caused the onset of symptoms in the neck and low back" or could have been caused by plaintiff's recreational weight lifting or working on his home. Plaintiff's family physician, Dr. Kelly, also testified concerning plaintiff's injuries, "I do not think that his whatever happened at work caused all this . . . ." Dr. Kelly later added, "I think it could have, could have aggravated, accelerated or contributed." This testimony is insufficient to prove causation.

[M]edical experts were asked only whether " 'a particular event or condition could or might have produced the result in question, not whether it did produce such result.' " *Lockwood v. McCaskill*, 262 N.C. 663, 668, 138 S.E.2d 541, 545 (1964) (quoting Stansbury, North Carolina Evidence § 137, at 332 (2d ed. 1963)). With the adoption of Rule 704 in 1983, experts were allowed to testify more definitively as to causation. N.C.G.S. § 8C-1, Rule 704. While the "could" or "might" question format circumvented the admissibility problem, it led to confusion that such testimony was suffi-

cient to prove causation. *See Alva v. Charlotte Mecklenburg Hosp. Auth.*, 118 N.C. App. 76, 80-81, 453 S.E.2d 871, 874 (1995) (a case that erroneously relied on *Lockwood* an opinion on the admissibility of expert opinion testimony, to find "could" or "might" testimony sufficient to prove causation). Although expert testimony as to the possible cause of a medical condition is admissible if helpful to the jury, *Cherry*, 84 N.C. App. at 604-05, 353 S.E.2d at 437, *it is insufficient to prove causation . . . .*

*Holley*, 357 N.C. at 232-33, 581 S.E.2d at 753 (emphasis supplied).

Plaintiff's physicians testified only to "possibility" and not to a "medical certainty" or that it is more likely plaintiff's injuries were caused by his accident. *Id.* at 234, 581 S.E.2d at 754. Possibility or might testimony "is insufficient to prove causation." *Id.* The entirety of plaintiff's expert medical testimony is "possibility" and "speculation" and does not meet plaintiff's burden to show the necessary degree of "medical certainty" to prove causation. *Id.*

Remand for further findings of fact could give plaintiff a second bite at the apple. Plaintiff fully litigated his claim and failed to prove causation. The majority perpetuates and encourages both fraudulent and stale claims against employers by employees who fail to report injuries for nearly two years and who fail to establish their injuries were caused by their alleged accident.

The Commission failed to make any findings of fact on the cause of plaintiff's injuries, but concluded "[p]laintiff sustained an injury by accident arising out of his employment with defendants as a direct result of the work assigned on or about 28 October 1999." No competent evidence substantiates the required element of the accident causing plaintiff's injury. The Commission's conclusion of law that "plaintiff suffered a compensable injury" is not supported by any competent evidence in the record. The Commission's opinion and award should be reversed.

### III.  Conclusion

Plaintiff failed to report his injury "immediately" to defendants within the statutorily required thirty day requirement and failed to provide a reasonable excuse for his twenty month delay. N.C. Gen. Stat. § 97-22 (2003). Defendants were prejudiced as a matter of law by plaintiff's unduly delayed notification.

The Commission's conclusion of law that "plaintiff suffered a compensable injury" is not supported by any competent evidence or

findings of fact. No competent evidence substantiates the required element of causation. Plaintiff's claim for temporary total disability compensation should be denied. I vote to reverse the Commission's opinion and award. I respectfully dissent.