DARRELL W. MUNNS, EMPLOYEE-PLAINTIFF v. PRECISION FRANCHISING, INC.,
EMPLOYER-DEFENDANT, AND KEY RISK INSURANCE CO., CARRIER-DEFENDANT

No. COA08-1034

(Filed 7 April 2009)

## 1. Workers' Compensation— refusal of suitable employment— wages in new job—further findings needed

A workers' compensation case was remanded for further findings as to the wages the employee would have earned in the job that was offered to him and that he declined. Without such a finding, the Commission could not have compared the wages the employee would have earned in the new position with those he was earning at the time of the injury and thus could not determine the suitability of the employment offered to the employee.

## 2. Workers' Compensation— refusal of suitable employment— make work

A job offered to an injured employee was a real job and not make work, and the Industrial Commission's conclusion that the employee refused suitable employment was not disturbed on this ground.

## 3. Workers' Compensation— refusal of suitable employment— physical suitability

The issue of whether an employee was justified in refusing a job offer after an injury on the ground that it was not physically suitable was remanded for further findings of fact. The Industrial Commission recited evidence rather than making findings.

## 4. Workers' Compensation— refusal of suitable employment— additional findings needed—disability not addressed

The issue of disability in a workers' compensation case was not addressed on appeal where the case was remanded for additional findings on the issue of suitable employment.

Appeal by employee from an Opinion and Award entered 30 May 2008 by the North Carolina Industrial Commission. Heard in the Court of Appeals 12 February 2009.

*Hardison & Associates, PLLC, by Benjamin T. Cochran and J. Jackson Hardison, for employee-appellant.*

*The Prather Law Firm, by J.D. Prather, for defendant-appellees.*

STEELMAN, Judge.

Where the Commission failed to make adequate findings of fact regarding the suitability of the employment, the case is remanded to the Commission for additional findings.

### I. Factual and Procedural Background

On 24 July 2004, Darrell Munns ("employee") was employed as a service technician at Precision Tune Auto Care ("employer"). On that date, employee sustained a compensable injury when a vehicle rolled over his left leg and foot. Employer accepted liability for employee's injury by filing a Form 60 on 6 August 2004, and employee received temporary total disability payments based on the average weekly wage of $730.38, which yielded a weekly compensation rate of $486.94. A plate was placed in employee's leg and he began physical therapy. In early 2005, employee received a Functional Capacity Evaluation ("FCE"), which demonstrated that he could do moderately heavy work, but that he could not stand for long periods of time. Employee was assigned restrictions of no walking, standing, or crawling for longer than thirty minutes without a fifteen-minute break, and was restricted from climbing on ladders. In April 2005, employee unsuccessfully attempted to return to work.

On 14 November 2005, Dr. Sanitate assigned employee permanent work restrictions of sedentary work only, frequent position changes, and no lifting over ten pounds. On 2 February 2006, Dr. Sanitate assigned a twenty-five percent permanent partial impairment rating to employee's left lower extremity. On that date, Dr. Sanitate approved a job description for a service writer/advisor position with employer as being within employee's physical abilities.

On 9 February 2006, employer offered employee the service writer/advisor position in its customer service department. Employee refused this position on the grounds that the job was not physically suitable or did not adequately take into consideration his work restrictions, that it was not a real job, or that the wages were not sufficiently similar to those of employee's prior position with employer so as to constitute suitable employment. On 20 November 2006, employer filed a Form 24 application, seeking to suspend employee's temporary total disability compensation for his refusal to accept the service writer/advisor position. A Special Deputy Commissioner disapproved the application on the grounds that the job description did not adequately describe the physical requirements of the position and the documented pay scale was not comparable to employee's pre-

injury average weekly wage. Employer offered the position to employee a second time on 15 January 2007, and again employee refused to accept the position.

On 24 January 2007, employer filed a second Form 24 application. The matter was referred for a full evidentiary hearing before a Deputy Commissioner. On 11 April 2007, Dr. Sanitate met with employee and continued the restrictions of sedentary work only, frequent position changes, and no lifting over ten pounds. Dr. Sanitate reviewed the job description for the service writer/advisor position for a second time and confirmed his approval of the position.

The Full Commission filed an Opinion and Award on 30 May 2008, concluding employee unjustifiably refused suitable employment and suspending employee's temporary total disability payments as of 11 April 2007. The Opinion and Award directed employer to pay for employee's ongoing medical treatment. Employee appeals.

## II. Standard of Review

"The standard of review on appeal to this Court from an award by the Commission is whether there is any competent evidence in the record to support the Commission's findings and whether those findings support the Commission's conclusions of law." *Oliver v. Lane Co.*, 143 N.C. App. 167, 170, 544 S.E.2d 606, 608 (2001) (citation omitted). "Therefore, if there is competent evidence to support the findings, they are conclusive on appeal even though there is plenary evidence to support contrary findings." *Id.* The Commission's findings may only be set aside where there is a complete lack of competent evidence. *Young v. Hickory Bus. Furn.*, 353 N.C. 227, 230, 538 S.E.2d 912, 914 (2000). "This Court reviews the Commission's conclusions of law *de novo*." *Ramsey v. Southern Indus. Constructors, Inc.*, 178 N.C. App. 25, 30, 630 S.E.2d 681, 685 (2006) (citation omitted).

## III. Suitable Employment

In his first argument, employee contends the Commission erred in concluding that employee unjustifiably refused an offer of suitable employment. We remand this issue for additional findings.

N.C. Gen. Stat. § 97-32 provides that an injured employee shall not be entitled to compensation if he unjustifiably "refuses employment procured for him suitable to his capacity." N.C. Gen. Stat. § 97-32 (2007). "Suitable employment" is defined as "any job that a claimant is capable of performing considering his age, education, physical limitations, vocational skills and experience." *Shah v. Howard Johnson*,

140 N.C. App. 58, 68, 535 S.E.2d 577, 583 (2000) (quotation omitted). The burden is on the employer to show that an employee refused suitable employment. *Gordon v. City of Durham*, 153 N.C. App. 782, 787, 571 S.E.2d 48, 51 (2002). Once the employer makes this showing, the burden shifts to the employee to show that the refusal was justified. *See, e.g., Moore v. Concrete Supply Co.*, 149 N.C. App. 381, 389-90, 561 S.E.2d 315, 320 (2002).

## Wages

[1] Employee first contends that the service writer/advisor job was not "suitable employment" because it did not offer wages comparable to those he earned in his job as a service technician prior to his injury.

"The disparity between pre-injury and post-injury wages is one factor which may be considered in determining the suitability of post-injury employment." *Foster v. U.S. Airways, Inc.*, 149 N.C. App. 913, 921, 563 S.E.2d 235, 241 (2002) (citing *Dixon v. City of Durham*, 128 N.C. App. 501, 504, 495 S.E.2d 380, 383 (1998)).

The Commission made two findings of fact regarding the wages for the service writer/advisor position:

21. On January 24, 2007, defendants filed a second Form 24 Application, this time including a chart showing the amount [employee] would have earned as a service writer/advisor in the year preceding his injury vis-a-vis what [employee] actually earned as a service technician during that period. The calculations were based on a 49-hour work-week and the store's sales during that period. The average pay for the service writer/advisor position was figured as $670.88 per week. [Employee] contended that the position was make-work, alleging that no one had been a full-time service writer/advisor at [employee's] store. Special Deputy Commissioner Rawls referred the matter for a full evidentiary hearing.

    . . .

25. The last full-time service writer/advisor who had worked at [employee's] store was John Linton, who had worked there about a year prior. Mr. Linton was paid $10 per hour plus a weekly bonus of one percent of the store's sales if the sales exceeded $12,500. . . .

As the sole fact-finding agency in this case, the Industrial Commission had a duty to make findings of fact which were "more than a

MUNNS v. PRECISION FRANCHISING, INC.

[196 N.C. App. 315 (2009)]

mere summarization or recitation of the evidence," and which resolved any conflicting testimony. *Lane v. American Nat'l Can Co.*, 181 N.C. App. 527, 531, 640 S.E.2d 732, 735 (2007) (citation omitted). Moreover, it is well-established that, "[w]hile the Industrial Commission is not required to make specific findings of fact on every issue raised by the evidence, it is required to make findings on crucial facts upon which the right to compensation depends." *Watts v. Borg Warner Auto., Inc.*, 171 N.C. App. 1, 5, 613 S.E.2d 715, 719 (2005) (citation omitted).

Finding of fact 21 merely recites the evidence submitted by employer in its second Form 24 application. It does not make a finding of the wages employee would have earned as a service writer/advisor when that job was offered to employee on 15 January 2007. Without such a finding, the Commission could not have compared the wages employee would have earned in the new position with those he was earning at the time of injury. In fact, the Commission made no such comparison. Without such comparison, the Commission could not determine the suitability of the employment offered by employer. We thus cannot say that the Commission's conclusion that employee refused suitable employment is supported by adequate findings of fact. Accordingly, this case is remanded for additional findings of fact. *See id.* ("Where the findings are insufficient to enable the court to determine the rights of the parties, the case must be remanded to the Commission for proper findings of fact.").

### "Make Work"

**[2]** Employee next contends that the job was "make work" in that it was not a real job.

In *Peoples v. Cone Mills Corp.*, 316 N.C. 426, 342 S.E.2d 798 (1986), the North Carolina Supreme Court held that employers may not "avoid paying compensation merely by creating for their injured employees makeshift positions not ordinarily available in the market[.]" *Id.* at 444, 342 S.E.2d at 810. "[I]f other employers would not hire the employee with the employee's limitations at a comparable wage level. . . . [or] if the proffered employment is so modified because of the employee's limitations that it is not ordinarily available in the competitive job market, the job is 'make work' and is not competitive." *Jenkins v. Easco Aluminum*, 165 N.C. App. 86, 95, 598 S.E.2d 252, 258 (2004) (quotation omitted).

The Commission found that "[d]efendant-employer has offered this position to the general public in the past and there have been multiple service writers/advisors at the location where [employee] worked." At the hearing, Roy Stahl, president of operations of employer, testified that employer had service writers and service advisors in more than half of its stores, and that employer had offered the service writer/advisor position to the general public in the past. Mr. Stahl further testified that he needed a service writer/advisor to improve his business. Suzanne Weigand, a personnel director for employer, testified that, at the time of the hearing, she had an advertisement running for the service writer/advisor position.

We hold that the Commission's finding regarding the availability of the position in the job market is supported by competent evidence. The service writer/advisor position offered to employee was a "real job," and was available in the competitive job market. We do not disturb the Commission's conclusion that employee refused suitable employment on this ground.

### Physical Suitability

[3] Employee next contends that he was justified in refusing the job offer on the grounds that employer failed to show that it was physically suitable.

The Commission made the following findings regarding the physical suitability of the service writer/advisor position:

15. On the February 2, 2006 visit, Dr. Sanitate also reviewed a job description for a "service writer/advisor" position with defendant-employer. According to the job description, the position involves customer service, with the employee being "the first point of contact with customers both on the phone and in person" and "act[ing] as liaison between the customer and the services that [defendant-employer] offers, coordinating the flow of information and ensuring good customer service." [Employee] expressed his concerns at the appointment regarding his lack of computer skills, his inability to operate a clutch on a manual transmission (the job description calls for the employee to "assist shop flow by moving vehicles in and out of service bays"), and his trouble with wearing a shoe for more than an hour because of discomfort.

16. At the February 2, 2006 visit, defendants' nurse case manager, Mary Anne Peterson, presented the job description to

Dr. Sanitate and noted the concerns that [employee] himself expressed verbally at the appointment. Additionally, Ms. Peterson presented to Dr. Sanitate the January 31, 2006 letter that [employee's] counsel had presented to her under the Commission's Rehabilitation Rules. In that letter, [employee's] counsel pointed out that the job description is silent as to the amount of standing and walking that is required in the position and he noted that some of the duties appear non-sedentary in nature, with prolonged standing required.

17. Dr. Sanitate approved the job description as being within [employee's] physical abilities.

. . .

22. On April 11, 2007, defendants sent [employee] back to Dr. Sanitate for clarification of [employee's] work restrictions and again review the job description. Ms. Peterson and a representative from [employee's] counsel's law firm attended the evaluation with [employee] to ensure that all of [employee's] concerns regarding the job, including his concerns regarding prolonged standing and walking, were presented to and addressed by Dr. Sanitate. Dr. Sanitate noted left lower extremity atrophy and he left in place the restrictions of sedentary work only, frequent position changes and no lifting over 10 pounds. He further noted that any job requiring long distance walking, crawling or kneeling was ill-advised, that infrequent use of a clutch was not contraindicated, and that [employee] should be allowed position changes as needed. Dr. Sanitate reviewed and approved the job description a second time.

These findings again constitute recitations of the evidence and not findings of fact that support the Commission's conclusions as to suitability. The Opinion and Award contains no findings addressing employee's ability to perform the service writer/advisor job "considering his age, education, physical limitations, vocational skills and experience." *Shah, supra.* This issue is also remanded to the Commission for further findings of fact.

### IV. Conclusion of Law

[4] In his second argument, employee contends that the Commission erred in concluding that he did not meet his burden of proving disability.

The Commission concluded that "[employee] was offered suitable employment, which had been approved by his treating physician taking into account any concerns [employee] had regarding the position, on April 11, 2007," and that employer was "entitled to suspend [employee's] [temporary total disability payments] as of April 11, 2007[.]" Because we are remanding this case to the Commission for additional findings on the issue of suitable employment, we do not address the issue of disability.

The Opinion and Award is remanded for additional findings of fact.

REMANDED.

Judges GEER and STEPHENS concur.