DEBORAH M. LAKEY, Employee-Plaintiff v. U.S. AIRWAYS, INC., Employer-Defendant and INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA (ALEXSIS, Servicing Agent), Carrier-Defendants

No. COA02-244

(Filed 31 December 2002)

## 1. Workers' Compensation— failure to give written notice of injury—actual knowledge

The Industrial Commission did not err in a workers' compensation case by excusing plaintiff employee from providing written notice of her injury within thirty days as required by N.C.G.S. § 97-22, because: (1) failure of an employee to provide written notice of her injury will not bar the claim where the employer has actual knowledge of the injury; and (2) defendants failed to show how they were prejudiced by any delay in written notification.

## 2. Workers' Compensation— approval of treatment—change of physicians

The Industrial Commission did not abuse its discretion in a workers' compensation case by approving the treatment by and through plaintiff employee's chosen physician because where an injured employee is released to work by her approved physician but is still suffering from the injury, the Court of Appeals has held that the employee's unilateral decision to change physicians was not grounds for finding that the employee unjustifiably sought other treatment.

## 3. Workers' Compensation— findings of fact—approval of payment within reasonable time

The Industrial Commission did not err in a workers' compensation case by allegedly failing to find facts required by N.C.G.S. § 97-25 concerning whether plaintiff sought approval of payment for compensation within a reasonable time, because the trial court made a sufficient determination that plaintiff requested

approval of her physicians and treatment within a reasonable time.

**4. Workers' Compensation— new injury—abuse of discretion standard**

The Industrial Commission did not abuse its discretion in a workers' compensation case by concluding that plaintiff employee's 17 July 1997 injury was a new injury instead of an aggravation of plaintiff's previous back injury.

Appeal by defendants from judgment entered 17 September 2001 by the North Carolina Industrial Commission. Heard in the Court of Appeals 31 October 2002.

*Walden & Walden, by Daniel S. Walden, for plaintiff-appellee.*

*Brooks, Stevens & Pope, P.A., by Robert H. Stevens, Jr. and John A. Payne, for defendants-appellants.*

WALKER, Judge.

On 29 May 1992, plaintiff, a flight attendant for defendant U.S. Airways, suffered a back injury when she was hit by a beverage cart during in-flight turbulence. Plaintiff and defendants entered into a Form 21 agreement which was approved by the North Carolina Industrial Commission (Commission) on 2 October 1992. The agreement noted that plaintiff suffered a "Low Back Sprain," that plaintiff's "average weekly wage . . . at the time of said injury, including overtime and all allowances, was $413.73" and that defendants would pay plaintiff $275.82 beginning 30 May 2001 and continuing for "necessary weeks." Plaintiff returned to work in September 1992, and the parties entered into Form 26 agreements awarding plaintiff benefits for recurrent periods of total disability from 2 November 1992 through 5 December 1995.

On 3 January 1996, plaintiff was released to work 60 hours per month with no restrictions. Between that time and 6 February 1997, plaintiff had some periods where, due to increased back pain, she was taken out of work or confined to light duties. However, on 19 March 1997, Dr. Howard Jones, plaintiff's approved physician, noted "she has been working approximately 55 hours a month and . . . doing very well . . . . She will . . . increase to 65 hours duty in June 1997, and back to full 75 hours in July 1997 . . . . We will provide no permanent restrictions otherwise." By 1 July 1997, plaintiff was released to full-time status and was scheduled to work up to 80 hours per month.

**LAKEY v. U.S. AIRWAYS, INC.**

[155 N.C. App. 169 (2002)]

On 17 July 1997, plaintiff's aircraft encountered turbulence, and plaintiff fell against the aircraft's galley wall, injuring her lower back. As a result, she saw Dr. Jones for follow-up treatments. Dr. Jones referred plaintiff to other physicians for various treatments, and although still complaining of pain on 20 January 1998, Dr. Jones released her absent full recovery because he had exhausted his treatments.

On 11 December 1997, plaintiff filed a Form 18 alleging she suffered a new injury arising from the 17 July 1997 incident. In the alternative, she alleged a change in condition. Based on plaintiff's previous wage level, defendants reinstituted disability benefits at $275.82 per week on 15 December 1997.

Beginning 21 May 1998, plaintiff saw her family physician, Dr. Maria Dichoso-Wood, who referred her for chiropractic and psychiatric therapy. According to plaintiff, this treatment proved helpful. Dr. Dichoso-Wood also referred plaintiff to a chronic back pain specialist and a pain specialist. The resulting treatments provided some relief to plaintiff; however, she has continued to experience lower back and leg pain such that she is prevented from earning wages in any employment.

On 30 July 1998, plaintiff filed a Form 33 requesting approval for her continuing medical treatments and for disability benefits. Defendants opposed approval on the ground that they have "provided plaintiff with necessary medical compensation." The matter was heard before the deputy commissioner, who found that plaintiff had suffered a new injury as a result of the incident on 17 July 1997. The deputy commissioner approved plaintiff's medical treatment and disability benefits of $494.53 per week based on an average weekly wage of $741.76. Defendant appealed to the Full Commission, which affirmed the deputy commissioner's award, except for payment of a whirlpool to be installed by plaintiff that was not prescribed as treatment.

Defendants contend the Commission erred (1) in excusing plaintiff from providing notice of her injury within 30 days as required by N.C. Gen. Stat. § 97-22 (2001), (2) in failing to find facts required by N.C. Gen. Stat. § 97-25 (2001) concerning whether plaintiff sought approval of payment for compensation within a reasonable time, (3) in approving the treatment by and through Dr. Dichoso-Wood and (4) in concluding that plaintiff's 17 July 1997 injury was a new injury.

We review these assignments of error to determine (1) whether any competent evidence in the record supports the Commission's findings of fact and (2) whether those findings support the Commission's conclusions of law. *McAninch v. Buncombe County Schools*, 347 N.C. 126, 131, 489 S.E.2d 375, 378 (1997); *Barber v. Going West Transp., Inc.*, 134 N.C. App. 428, 434, 517 S.E.2d 914, 919 (1999). We note the Commission has the "exclusive authority to find facts necessary to determine workers' compensation awards," and we will not disturb those findings if supported by any competent evidence. *Matthews v. Petroleum Tank Service, Inc.*, 108 N.C. App. 259, 264, 423 S.E.2d 532, 535 (1992).

**[1]** First, defendants contend the Commission failed to find facts as required by N.C. Gen. Stat. § 97-22, which provides:

Every injured employee or his representative shall immediately on the occurrence of an accident, or as soon thereafter as practicable, give or cause to be given to the employer a written notice of the accident, . . . unless it can be shown that the employer, his agent, or representative, had knowledge of the accident, . . . but no compensation shall be payable unless such written notice is given within 30 days after the occurrence of the accident or death, unless reasonable excuse is made to the satisfaction of the Industrial Commission for not giving such notice and the Commission is satisfied that the employer has not been prejudiced thereby.

This statute requires an injured employee to give notice of her injury to her employer within 30 days in order to obtain compensation for that injury. *Id.*; *Singleton v. Durham Laundry Co.*, 213 N.C. 32, 195 S.E. 34 (1938); *Westbrooks v. Bowes*, 130 N.C. App. 517, 528, 503 S.E.2d 409, 416 (1998). However, an employee may be excused from giving notice where (1) she has a reasonable excuse for not giving notice and (2) the employer is not prejudiced by the delayed notice. *Westbrooks*, 130 N.C. App. at 528, 503 S.E.2d at 416; *see Pierce v. Autoclave Block Corp.*, 27 N.C. App. 276, 278, 218 S.E.2d 510, 511 (1975).

Failure of an employee to provide written notice of her injury will not bar her claim where the employer has actual knowledge of her injury. *Davis v. Taylor-Wilkes Helicopter Serv., Inc.*, 145 N.C. App. 1, 11, 549 S.E.2d 580, 586 (2001); *Chilton v. Bowman Gray School of Medicine*, 45 N.C. App. 13, 18, 262 S.E.2d 347, 350 (1980). Additionally, the burden is on the employer to show that it was prej-

LAKEY v. U.S. AIRWAYS, INC.

[155 N.C. App. 169 (2002)]

udiced. *Westbrooks*, 130 N.C. App. at 528, 503 S.E.2d at 417. Possible prejudice occurs where the employer is not able to provide immediate medical diagnosis and treatment with a view to minimizing the seriousness of the injury and where the employer is unable to sufficiently investigate the incident causing the injury. *Jones v. Lowe's Companies*, 103 N.C. App. 73, 404 S.E.2d 165 (1991).

Here, the Commission found, "even if plaintiff failed to give written notice of her accident within 30 days, defendants had notice of the same and have failed to meet the burden of proof that any such failure to give timely written notice of her July 17, 1997 accident prejudiced defendants." Also, the Commission found that plaintiff's injury occurred on defendant U.S. Airways' aircraft, an incident report was made by defendants following the flight and plaintiff saw defendants' appointed physician concerning the injury twice within the 30 days following the injury.

Furthermore, the Commission found that defendants failed to assert how they were prejudiced by any delay in written notification. Although defendants assert they were prejudiced because they treated plaintiff's injury as an aggravation of a pre-existing injury, rather than a new injury or re-injury, defendants have failed to assert how this distinction resulted in prejudice. We find sufficient competent evidence to support the Commission's finding that defendants had actual knowledge of plaintiff's injury and were not prejudiced by any delay in notification.

[2] Next, regardless of whether plaintiff's requests for approval were made within a reasonable time, defendants contend that the Commission abused its discretion in approving the treatment provided by physicians chosen by plaintiff. Defendants argue that plaintiff provided no basis for arbitrarily changing physicians and that Dr. Jones, plaintiff's approved physician, was still available to plaintiff.

Although an employer that has accepted an employee's injury as compensable generally has the right to direct the medical treatment, this right is not unlimited. *Kanipe v. Lane Upholstery*, 141 N.C. App. 620, 626, 540 S.E.2d 785, 789 (2000). However, "an injured employee may select a physician of [her] own choosing to attend, prescribe and assume the care and charge of [her] case" subject to the approval of the Commission. N.C. Gen. Stat. § 97-25. This provision gives an injured employee, even in the absence of emergency, the right to choose her own physician. *See Schofield v. Great Atlantic & Pacific*

LAKEY v. U.S. AIRWAYS, INC.

[155 N.C. App. 169 (2002)]

*Tea Co.*, 299 N.C. 582, 264 S.E.2d 56 (1980). However, that right is subject to the Commission's approval of that physician. *Id.*; *Lucas v. Thomas Built Buses, Inc.*, 88 N.C. App. 587, 364 S.E.2d 147 (1988).

The Commission has discretion to approve an injured employee's request for approval of a physician. *Kanipe*, 141 N.C. App. at 626, 540 S.E.2d at 789; *Franklin v. Broyhill Furniture Industries,* 123 N.C. App. 200, 207, 472 S.E.2d 382, 387 (1996). This Court will disturb the Commission's determination on this issue only upon a finding of manifest abuse of discretion. *Deskins v. Ithaca Industries, Inc.*, 131 N.C. App. 826, 509 S.E.2d 232 (1998); *Franklin*, 123 N.C. App. at 207, 472 S.E.2d at 387.

Here, plaintiff was released by Dr. Jones on 20 January 1998. Although Dr. Jones saw plaintiff again on 5 May 1998 and offered to see her as needed, in his release he stated, "I am at a loss to provide additional information regarding possible diagnostic or therapeutic interventions." Because she continued to suffer from back and leg pain, plaintiff then sought treatment from Dr. Dichoso-Wood and other health care providers beginning 21 May 1998.

Where an injured employee was released to work by her approved physician but was still suffering from her injury, this Court held that the employee's unilateral decision to change physicians was not grounds for finding that she unjustifiably sought other treatment. *Deskins*, 131 N.C. App. at 832, 509 S.E.2d at 236. Here, also, plaintiff was released to work by her approved physician while still suffering from pain. Therefore, we do not find that the Commission abused its discretion in allowing approval of plaintiff's physicians.

[3] Defendants also contend the Commission erred in failing to find facts required by N.C. Gen. Stat. § 97-25. Specifically, defendants argue the Commission did not make findings concerning whether plaintiff requested authorization to procure her own physician within a reasonable time. However, the Commission found:

> The medical treatments provided by Drs. Dichoso-Wood and McLean, as well as by the pain specialists, have been reasonable and have helped give plaintiff some relief from her lower back and left leg pain resulting from her July 17, 1997 accident. *Plaintiff's motion to have these physicians assume her care therefore is reasonable and should be approved.*

(emphasis added). This determination is sufficient to find that plaintiff requested approval of her physicians and treatment within in a reasonable time. *See Schofield*, 299 N.C. at 594, 264 S.E.2d at 64.

**[4]** Finally, defendants contend the Commission erred in finding that plaintiff's 17 July 1997 injury was a new injury. Defendants argue that the 17 July 1997 injury was only an aggravation of plaintiff's previous back injury. In order to determine the amount of plaintiff's award, the Commission must determine whether plaintiff's injury is compensable as a new injury or whether it is the aggravation of a previous injury.

In reviewing this issue for an abuse of the Commission's discretion, we note that this Court does not have the right to weigh the evidence and decide the issue on the basis of its weight. *Timmons v. North Carolina DOT*, 351 N.C. 177, 522 S.E.2d 62 (1999). Rather, we can only determine whether the record contains sufficient evidence to support the Commission's findings. *Id.*

Regarding the occurrence of a new injury, the Commission found:

15. By late June 1997, defendant-employer scheduled plaintiff to work full-time as a flight attendant for 81 hours during the month of July 1997, and plaintiff agreed to return to work as a full-time flight attendant and to work the 81 hours as scheduled. By July 1, 1997, plaintiff had in fact returned to work as a full-time flight attendant, working around 80 hours a month, as authorized by Dr. Jones.

16. On July, 1997, during U.S. Airways Flight No. 3618 while over Solberg, N.J. at about 30,000 feet, the aircraft on which plaintiff was working as a full-time flight attendant encountered turbulence. In his incident report, the pilot referred to this as an "uncommanded roll of 20 to 30 degrees," which caused the aircraft to shutter and buffet. Plaintiff was standing in the galley area at the time, and was thrown off balance and knocked back hard against the galley wall, striking her lower back and legs. She immediately felt pain in her lower back, buttocks, left hip and leg.

17. The events of July 17, 1997 when the aircraft hit unexpected air turbulence and caused plaintiff to strike her lower back and legs against the aircraft's wall and injure her lower back

MARTIN ARCHITECTURAL PRODS., INC. v. MERIDIAN CONSTR. CO.

[155 N.C. App. 176 (2002)]

and legs constituted an interruption of plaintiff's work routine and an injury by accident arising out of and in the course of her employment.

18. As a result of the accident on July 17, 1997, plaintiff suffered additional injury to her lower back, resulting in severe lower back pain and left leg pain. Due to her ongoing back and leg pain, plaintiff has been unable to continue to work as a flight attendant. She has been unable to earn wages in the same or any other employment since July 18, 1997.

Although some evidence favors defendants, the Commission is the finder of facts and must determine the weight to be given the evidence presented. *Id.* In their depositions, Dr. Jones stated plaintiff's 17 July 1997 incident resulted in an "injur[y]" due to "a direct blow to her back," and Dr. McLean concurred that the 17 July 1997 incident "more likely than not caus[ed] a disabling lower back injury in Mrs. Lakey" and that "the events of July 17, 1997 probably caused a new back injury." Furthermore, plaintiff had been released to work a full-time schedule and was on track to work at least 70 hours per month. Therefore, we find there is sufficient evidence to support the Commission's determination that plaintiff suffered a new injury on 17 July 1997.

Affirmed.

Judges McCULLOUGH and CAMPBELL concur.