***********
The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before former Deputy Commissioner Rowell and the briefs and arguments of the parties. The appealing party has not shown good grounds to reconsider the evidence, receive further evidence, or rehear the parties and their representatives. Accordingly, the Full Commission affirms the Opinion and Award of Deputy Commissioner Rowell.
 *********** *Page 2 
The Full Commission finds as facts and concludes as matters of law the following, which were entered into by the parties as:
 STIPULATIONS
1. The parties are subject to the North Carolina Workers' Compensation Act.
2. An employee-employer relationship existed between Plaintiff and Defendant-Employer.
3. The carrier liable on the risk is Companion Property Casualty Insurance Company.
4. The parties stipulate to an average weekly wage of $320.00.
5. Stipulated Exhibit 1 — Pre-Trial Agreement, as modified initialed by the parties.
6. Stipulated Exhibit 2 — Industrial Commission Forms.
7. Stipulated Exhibit 3 — Medical records.
8. Stipulated Exhibit 4 — Plaintiff's Answers to Defendants' First Set of Interrogatories and Request for Production of Documentation.
9. Stipulated Exhibit 5 — Defendants' Answers to Plaintiff's First Set of Interrogatories and Request for Production of Documentation.
 ***********
Based upon all of the competent credible evidence of record, the Full Commission makes the following:
 FINDINGS OF FACT
1. At the time of the hearing before the Deputy Commissioner, Plaintiff was 31 years old. Plaintiff was employed by Defendant-Employer as a member of the grounds crew. Plaintiff assisted in removing yard waste and trees from clients' premises. *Page 3 
2. Plaintiff alleges that on June 13, 2008, while working on a roof using a chainsaw to cut down tree limbs, he felt a pain or pinch in his back around his waist area.
3. Plaintiff reported to Craven Regional Medical Center's Emergency Room on June 24, 2008, 11 days after he alleges he injured his back at work. The nurse's assessment notes that Plaintiff had extremity pain with an onset of 2 days ago without injury. The assessment also noted that Plaintiff reported the symptoms began while resting. Dr. Travis Ulmer examined Plaintiff. Plaintiff reported to Dr. Ulmer that he had pain radiating from his left buttocks down his left leg that had been present over the last several days. Plaintiff reported there had been no recent trauma. Plaintiff was assessed with sciatica and given an injection of Toradol and morphine.
4. Plaintiff testified that he returned to work following the June 24, 2008 emergency room visit and informed the owner of Defendant-Employer, Mr. Alonso Collins, that he had hurt his back while at work. Alonso Collins testified that he last saw Plaintiff on June 20, 2008 and Plaintiff did not report any work injury.
5. Mr. Kevin Collins was Plaintiff's direct supervisor. Kevin Collins worked with Plaintiff on a daily basis and drove Plaintiff to work every day. Plaintiff never reported to him that he had sustained an injury at work.
6. Plaintiff's last day of employment with Defendant-Employer was June 23, 2008.
7. Plaintiff began treating with Mr. Michael Toppe, PA-C, with Newport Family Medicine, on June 30, 2008. Plaintiff reported that he had been lifting at work when he hurt his back. Mr. Toppe ordered an MRI.
8. On July 7, 2008, Plaintiff underwent an MRI of the lumbar spine at Carteret General Hospital that revealed a central annular tear at L3-4 with some secondary canal stenosis *Page 4 
and a broad based bulge at L4-5.
9. Plaintiff sought treatment at the emergency room of Craven County Hospital on July 11, 2008 and August 7, 2008.
10. Plaintiff returned to Mr. Toppe for additional treatment on October 29, 2008 and December 12, 2008.
11. On February 13, 2009, Plaintiff was evaluated by Dr. Mark Held of Carolina Craniospinal Neurosurgery. Plaintiff reported he was working on a roof with a chainsaw when he lifted and felt pain in his back which had an acute onset. This is the first time Plaintiff reported to a medical provider that he was working on a roof with a chainsaw when he felt back pain. Dr. Held recommended a trial of physical therapy.
12. Plaintiff did not provide written notice of his alleged injury until he filed an Industrial Commission Form 18 on July 21, 2008, which was dated July 18, 2008.
13. Based upon a review of all the evidence and testimony, the Full Commission finds that Plaintiff's testimony regarding the alleged June 13, 2008 incident is not credible. Plaintiff's testimony is contradictory and is not corroborated by any witnesses or the reports in the medical records closest in time to the alleged incident. Further, Plaintiff's testimony that he reported the incident to Defendant-Employer is not credible.
14. At his deposition, Dr. Held opined to a reasonable degree of medical certainty that the June 13, 2008, incident caused Plaintiff's back condition. However, since Plaintiff's testimony regarding the alleged incident is not credible, Dr. Held's opinion is given little weight.
15. Plaintiff failed to timely provide written or actual notice to defendants of his alleged injury. Plaintiff had no reasonable excuse for his failure to report his alleged injury and defendants were prejudiced by Plaintiff's failure. *Page 5 
 ***********
Based upon the foregoing Stipulations and Findings of Fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. N.C. Gen. Stat. § 97-2(6) provides "where injury to the back arises out of and in the course of the employment and is the direct result of a specific traumatic incident of the work assigned, `injury by accident' shall be construed to include any disabling physical injury to the back arising out of and causally related to such incident." N.C. Gen. Stat. § 97-2(6).
2. Plaintiff bears the burden of proving each and every element of compensability, including causation. Whitfield v. Laboratory Corp.of America, 158 N.C. App. 341, 581 S.E.2d 778 (2003). Medical evidence that rests on speculation and conjecture, or unproven facts, is not sufficiently reliable to qualify as competent evidence concerning the nature and cause of the injury. Young v. HickoryBus. Furn., 353 N.C. 277, 538 S.E.2d 912 (2000). In the instant case, dubious histories related by plaintiff form the bases of information contained in medical records and other evidence. Based upon the greater weight of the evidence, Plaintiff has failed to prove that he suffered a specific traumatic incident and that his current back condition is causally related to the alleged incident.Id.
3. Under the Workers' Compensation Act, an injured employee must properly report any injury to the employer within 30 days. N.C. Gen. Stat. § 97-22 provides:
 Every injured employee or his representative shall immediately on the occurrence of an accident, or as soon thereafter as practicable, give or cause to be given to the employer a written notice of the accident, . . . unless it can be shown that the employer, his agent, or representative, had knowledge of the accident, . . . ; but no compensation shall be payable unless such written notice is given within 30 days after the occurrence of the accident or death, unless reasonable excuse is made to the satisfaction of the Industrial *Page 6 
Commission for not giving such notice and the Commission is satisfied that the employer has not been prejudiced thereby.
N.C. Gen. Stat. § 97-22. The failure of an employee to provide written notice of his injury will not bar his claim where the employer has actual knowledge of his injury.Lakey v. U.S. Airways, Inc.,155 N.C. App. 169, 573 S.E.2d 703 (2002), disc. reviewdenied, 357 N.C. 251, 582, S.E.2d 271 (2003). In the case at hand, Plaintiff failed to provide written or actual notice of his alleged injury. Plaintiff has provided no reasonable excuse for his failure and Defendants were prejudiced thereby.
 ***********
Based upon the foregoing Stipulations, Findings of Fact, and Conclusions of Law, the Full Commission enters the following:
 AWARD
1. Plaintiff's claim is hereby DENIED.
2. Each side shall bear its own costs.
This the 15th day of September 2010.
 S/___________________
 STACI T. MEYER
 COMMISSIONER
CONCURRING:
 S/___________________ DANNY L. MCDONALD COMMISSIONER *Page 7 
 S/___________________ PAMELA T. YOUNG