IN THE COURT OF APPEALS OF NORTH CAROLINA

2022-NCCOA-31

No. COA20-874

Filed 18 January 2022

North Carolina Industrial Commission, I.C. No. 18-707399

DONNA SPLAWN SPROUSE, Employee, Plaintiff,

v.

TURNER TRUCKING COMPANY, Employer, and ACCIDENT FUND GENERAL
INSURANCE COMPANY, Carrier, Defendants.

Appeal by defendants from opinion and award entered 10 September 2020 by

the North Carolina Industrial Commission. Heard in the Court of Appeals 21

September 2021.

*Roberts Law Firm, P.A., by Scott W. Roberts, for plaintiff-appellee.*

*Holder Padgett Littlejohn + Prickett, LLC, by Laura L. Carter, for defendants-appellants.*

TYSON, Judge.

## I. Background

Donna Sprouse ("Plaintiff") has been employed as a long-haul tractor trailer
driver by the Mary B. Turner Trucking Company, LLC ("Defendant-Employer") for
more than 18 years. The Accident Fund General Insurance Company ("Defendant
Carrier") provides workers compensation coverage for Defendant-Employer (together
"Defendants"). Plaintiff's husband ("Mr. Sprouse") is also employed by Defendant-

Employer.

¶ 2 On 24 September 2016, Plaintiff was driving a tractor trailer for Defendant-Employer when the front right tire suddenly blew out. The tractor trailer crashed into an embankment on the side of the road. The truck remained upright, while the trailer turned onto its side. Plaintiff's head was severely jerked in the crash and her glasses and headset flew off. Mr. Sprouse, who was also inside the truck, suffered a foot and shoulder injury. Mr. Sprouse underwent shoulder surgery after the accident, and neither Plaintiff nor Mr. Sprouse worked from 24 September 2016 to January 2017. Plaintiff verbally notified Defendant of the accident the day it happened.

¶ 3 Plaintiff experienced pain and soreness and visited, E. Gantt, ANP-C ("Nurse Gantt"), two days after the accident. Plaintiff reported all-over soreness, but particularly in her neck and back, muscle spasms from her mid to low back, and pain in her right buttock down to her foot. Nurse Gantt prescribed Plaintiff an anti-inflammatory and muscle relaxer for her pain. On 13 October 2016, Plaintiff presented for a follow-up appointment with Nurse Gantt and appeared to be improving. Plaintiff testified that she was still experiencing neck, shoulder, and leg pain at that time. Plaintiff did not provide written notice of her injury by accident to Defendant or that she was seeking or undergoing medical treatment.

¶ 4 Plaintiff's pain continued to worsen after the 13 October appointment. Plaintiff's history of intermittent sciatica had never caused her to miss significant

time at work prior to the accident. Plaintiff did not complain to Nurse Gantt about experiencing pain at her 26 January 2017, 13 February 2017, or 18 May 2017 appointments. Plaintiff testified she believed the pain was caused by her history of sciatica and was unrelated to the work accident.

¶ 5 On or about 28 September 2017, approximately about one year following the accident, Plaintiff presented for another appointment with Nurse Gantt. Plaintiff complained of constant weakness in her arms, with a numbness and tingling sensation in her fingers and reported persistent pain in her cervical and lumbar spine. Nurse Gantt believed Plaintiff's symptoms resembled cervical pain and acute left lumbar radiculopathy and she referred Plaintiff for a lumbar and cervical spine MRI. Plaintiff stopped working after this appointment and filed for short-term and long-term disability. This disability she filed for in September 2017 was apparently unrelated to the one at issue in this case. The Commission found Plaintiff was unable to work from 28 September 2017 until 21 April 2018 when she returned to work for Defendant.

¶ 6 On 29 November 2017, Plaintiff returned to Nurse Gantt and reported the same cervical and lumbar pain, in addition to her dragging her leg when walking. An MRI of Plaintiff's lumbar spine, taken on 7 December 2017, exhibited spinal stenosis. Plaintiff reported that she had fallen twice since her last visit because her leg gave way at a follow-up appointment. Nurse Gantt referred Plaintiff to Dr. M.J. McGirt,

a neurosurgeon and practitioner in spinal neurosurgery. Defendants were not aware of any of these complaints or treatments, nor of Nurse Gantt's referral to Dr. McGirt.

¶ 7        Plaintiff presented to Dr. McGirt on 27 December 2017. Dr. McGirt recommended and referred her for another MRI of Plaintiff's cervical spine, suspecting cervical stenosis after a physical examination. On 8 January 2018, Plaintiff's cervical MRI showed multiple spinal disc extrusions, and spinal abnormalities including neural foraminal stenosis. Defendants were not informed of this treatment or referral.

¶ 8        On 10 January 2018, Dr. McGirt explained the MRI results to Plaintiff and recommended corrective surgery. He noted Plaintiff "definitely has myelopathy with weakness in her hands[,] numbness in her hands[,] dropping things[,] and significant gait abnormalities all which progressed over the last year." Dr. McGirt opined Plaintiff's symptoms would worsen without surgery, given the severity of her spinal cord condition.

¶ 9        On 12 February 2018, Dr. McGirt performed a two-level anterior cervical discectomy and fusion on Plaintiff and removed "two large, herniated discs which had herniated back and compressed the spinal cord." He "rebuilt that by putting in two cages and some screws and a plate to hold that together for the two-level fusion." The surgery was successful. At Plaintiff's 17 April 2018 check up with Dr. McGirt, she felt stronger and reported no neck pain. Dr. McGirt released Plaintiff from her work

restrictions, and on 21 April 2018, Plaintiff returned to work with Defendant-Employer.

¶ 10        Plaintiff submitted a post-surgical claim for her asserted work injury to Defendant-Carrier on 20 February 2018, while she was recovering from her spinal surgery. She told the adjuster she did not report an injury following the 24 September 2016 accident because she did not believe her injuries were that serious and presumed her claim would be dropped at that time.

¶ 11        Deputy Commissioner A.W. Bruce filed an Opinion and Award in favor of Plaintiff on 22 May 2019. Defendants appealed. After hearing the parties' arguments on 15 October 2019, the Full Commission entered an Opinion and Award affirming Deputy Commissioner Bruce's decision. The Commission made the following relevant findings of fact:

> 21.        At his deposition, Dr. McGirt testified that the symptoms documented in Plaintiff's medical records prior to September 24, 2016, were different from neurological dysfunction and loss of function (i.e. "weaknesses and numbness") for which he treated Plaintiff. Dr. McGirt further opined that it was more likely than not that the September 24, 2016 tractor trailer wreck caused the two levels of herniated discs in Plaintiff's spine and that the herniations necessitated the surgery he performed. . . .
>
> 22.        According to Dr. McGirt, Plaintiff was "pretty tough because . . . she had some pretty darn significant weakness that she was not coming in and screaming nor did we have a long drawn out workers [sic] comp conversation nor a causation conversation." Dr. McGirt further testified that

"she didn't realize that she had a spinal cord issue" and that such a delay in symptoms is not "out of the realm of what we typically see in spinal cord compression."

23.     Based upon the preponderance of the evidence in view of the entire record, the Full Commission finds that Plaintiff sustained an injury by accident arising out of and in the course of her employment with Defendant-Employer when she was injured in the wreck of September 24, 2016. . . .

24.     Based upon the preponderance of the evidence in view of the entire record, the Full Commission finds the medical treatment Plaintiff received from Dr. McGirt was reasonable and necessary to effect a cure, give relief, and lessen the period of disability from the cervical spine injury Plaintiff sustained on September 24, 2016.

25.     Based upon the preponderance of the evidence in view of the entire record, the Full Commission finds that Plaintiff was unable to work from September 28, 2017 until April 21, 2018, the date she returned to work for Defendants.

¶ 12     The Commission concluded: (1) Plaintiff's injury was caused by the September 2016 accident; (2) Plaintiff had reasonable excuse for her delayed written notice; (3) Defendants were not prejudiced by the delay; and, (4) Plaintiff was temporarily totally disabled from 28 September 2017 to 21 April 2018. The Commission made the following specific conclusions of law:

2.     . . . the greater weight of the credible evidence establishes that Plaintiff's cervical spine injury was caused by Plaintiff's September 24, 2016 work accident. N.C. Gen. Stat. § 97-2(6) (2019).

. . .

4. . . . Plaintiff had reasonable excuse for not providing written notice within 30 days because Plaintiff communicated with her employer on the date of the accident and because she did not reasonably know of the nature or seriousness of her injury immediately following the accident.

5. . . . Defendants have failed to show prejudice resulting from the delay in receiving written notice because Defendant-Employer had actual, immediate notice of Plaintiff's accident on the day of the accident. The actual notice provided to Defendant-Employer allowed ample opportunity to investigate Plaintiff's condition following the violent truck accident and direct Plaintiff's medical care. Thus, Defendants were not prejudiced by the delay in receiving written notice. Because Plaintiff has shown a "reasonable excuse" for not providing written notice of her accident to Defendants within 30 days, and because the evidence of record fails to show Defendants were prejudiced by not receiving written notice within 30 days, Plaintiff's claim is not barred pursuant to N.C. Gen. Stat. § 97-22 (2019).

6. . . . Dr. McGirt opined that Plaintiff was unable to work from September 27, 2017 to April 20, 2018, which prevented her from working at her job as a long-haul tractor trailer driver or any other employment. Plaintiff was temporarily totally disabled from September 28, 2017 until April 21, 2018.

Defendants timely filed notice of appeal.

## II.    Jurisdiction

This appeal is properly before this Court pursuant to N.C. Gen. Stat. § 97-86 (2021).

## III.    Issues

Plaintiff raises six issues on appeal. We have consolidated them into three issues: (1) whether Plaintiff failed to establish her condition is causally related to the trucking accident; (2) whether Plaintiff provided timely notice to her employer; and, (3) whether Plaintiff's disability began when her physician removed her from work.

## IV. Analysis

### A. Standard of Review

Plaintiff bears the burden of proving a causal relationship between the injury and work-related incident for compensability by a preponderance of the evidence under the worker's compensation statute. *Whitfield v. Laboratory Corp. of Am.*, 158 N.C. App. 341, 350, 581 S.E.2d 778, 784 (2003). Plaintiff's "evidence must be such as to take the case out of the realm of conjecture and remote possibility" to carry her burden to prove causation. *Id.* at 350, 581 S.E.2d at 785 (citation and internal quotation marks omitted).

Where the evidence is stipulated, or the facts are uncontroverted, there are no credibility determinations for the Commission to make. The Commission's conclusions must be based upon the proper application of those facts to the statute. *Anderson v. Lincoln Constr. Co.*, 265 N.C. 431, 433-34, 144 S.E.2d 272, 274 (1965) ("The Commission is the sole judge of the credibility of the witnesses and weight to be given their testimony.").

We review the Commission's conclusions of law and statutory interpretations

*de novo.  See Clark v. Burlington Industries., Inc.*, 78 N.C. App. 695, 698, 338 S.E.2d 553, 555 (1986) ("While the Industrial Commission's interpretation of [N.C. Gen Stat.] 97-53(28) is entitled to due consideration, the final say rests with the courts." (citation omitted)).

### B.  Causal Relation

¶ 18          Defendants argue that the Commission erred by concluding: (1) Plaintiff's injury was caused by the 24 September 2016 accident; (2) Plaintiff was temporarily totally disabled from 28 September 2017 to 21 April 2018; and, (3) Plaintiff had reasonable excuse for her delayed written notice, which did not prejudice Defendants.

¶ 19          It is uncontested Plaintiff suffers from a long history of back, neck, and limb pain.   Prior to the accident, Plaintiff suffered from a documented history of intermittent sciatica.   Two days after the 26 September 2016 accident, Plaintiff reported soreness in her neck and back, muscle spasms from her mid-to-low back, and pain in her right buttock down to her foot.   Despite these complaints, Plaintiff failed to provide written notice of her injury by accident to Defendants within 30 days as is statutorily required pursuant to N.C. Gen. Stat. § 97-22.

¶ 20          Plaintiff did not present nor complain to Nurse Gantt about the pain at her next three visits on 26 January 2017, 13 February 2017, or 18 May 2017.  Plaintiff now asserts she believed the pain was caused by her history of sciatica and it was unrelated to the work accident.  *More than a year after* the accident on 28 September

2017, Plaintiff attended another appointment with Nurse Gantt. Plaintiff did not consult Dr. McGirt until 27 December 2017. Defendants were never put on notice of these complaints or treatments.

Defendants argue Dr. McGirt's treatment was only related to Plaintiff's long history of chronic back and neck pain. Dr. McGirt also testified he knew from Plaintiff's records that she had a history of pre-existing neck and back discomfort. Uncontested facts show Plaintiff's chronic medical conditions pre-existed the work accident. Plaintiff's argument is overruled.

### C. Timely Notice

#### 1. 30 Days

Plaintiff is statutorily required to have provided written notice of her injury by accident to Defendants within thirty days pursuant to N.C. Gen. Stat. § 97-22.

N.C. Gen. Stat. § 97-22 provides:

> Every injured employee . . . *shall immediately* on the occurrence of an accident, or as soon thereafter as practicable, *give or cause to be given* to the employer a *written notice of the accident*, and the *employee shall not be entitled to physician's fees nor to any compensation* which may have accrued under the terms of this Article prior to the giving of such notice, unless it can be shown that the employer . . . had knowledge of the accident, . . . *but no compensation shall be payable unless such written notice is given within 30 days after the occurrence of the accident* or death, unless reasonable excuse is made to the satisfaction of the Industrial Commission for not giving such notice and the Commission is satisfied that the employer has not been

prejudiced thereby.

N.C. Gen. Stat. § 97-22 (2021) (emphasis supplied).

¶ 24       Our Supreme Court reviewed this statute and held the "purpose of the notice-of-injury requirement is two-fold. It allows the employer to provide immediate medical diagnosis and treatment with a view to minimizing the seriousness of the injury, and it facilitates the earliest possible investigation of the circumstances surrounding the injury." *Booker v. Duke Medical Center*, 297 N.C. 458, 481, 256 S.E.2d 189, 204 (1979).

¶ 25       The evidence and record are uncontested that Plaintiff failed to provide timely notice, despite asserting a timely written notice and claim for her husband, who was injured in the same accident. Under the statute, Plaintiff is also required to provide a "reasonable excuse" for not so providing timely notice within thirty days, and must also show Defendants were not prejudiced by Plaintiff's admitted failure to provide her employer written notice within thirty days. Otherwise, the statute provides "*no compensation shall be payable,*" and Plaintiff's claim is barred pursuant to N.C. Gen. Stat. § 97-22.

## 2. *Prejudice*

¶ 26       Defendants argue they were prejudiced by Plaintiff's lack of notice and delays in two ways: (1) "by forcing a course of treatment that may not have been required, as [Plaintiff's] cervical stenosis began in 2010;" and, (2) lack of written notice of injury

until 471 days after the accident is prejudicial "regardless of the circumstances." The Commission erred by not applying and enforcing the plain statutory written notice mandate and by shifting the burden from Plaintiff onto Defendants to prove they were prejudiced by Plaintiff's failure after more than a year and four months to comply with the clear timelines and mandates of the statute. *See* N.C. Gen. Stat. § 97-22.

¶ 27        Under *de novo* review, the Commission's conclusions: (1) Plaintiff's injury was caused by the 24 September 2016 accident; (2) Plaintiff was temporarily totally disabled from 28 September 2017 to 21 April 2018; and, (3) Plaintiff had reasonable excuse for her 471 days delayed written notice of accident, which did not prejudice Defendants are erroneous. These conclusions are not supported by the uncontested and admitted facts and by its findings of fact.

¶ 28        There are no credibility determinations for the Commission to make when stipulated, objective, and uncontested facts and evidence are admitted, and the statutory mandates are clear and unambiguous. If the General Assembly had not considered the statutory 30 days written notice to be mandatory and enforced as a matter of public policy, verbal or actual notice to the employer alone under the statute would be sufficient. The statute allows the Plaintiff to show a "reasonable excuse" and no prejudice incurred by the Defendants as a failsafe to the otherwise mandatory notice timelines. *Id.*

¶ 29        Prejudice is also shown when a defendant is deprived of the opportunity to manage a plaintiff's medical care and treatment and provide early and timely intervention, diagnosis, and treatment. Plaintiff's long 471 days after-the-fact claim for compensation and payment to a non-approved heath care providers for non-authorized treatments is clearly not allowed under the statute. N.C. Gen. Stat. § 97-22. The record shows no evidence was admitted to support their finding Defendants were not prejudiced by Plaintiff's 471-day-failure to provide the statutory written notice.

### D. Disability Date

¶ 30        The plaintiff carries and retains the burden of proving disability by the greater weight of the evidence. *Clark v. Wal-Mart*, 360 N.C. 41, 44-45, 619 S.E.2d 491, 493 (2005). "[D]isability [is defined as] the impairment of the injured employee's earning capacity rather than physical disablement." *Russell v. Lowes Product Distribution*, 108 N.C. App. 762, 765, 425 S.E.2d 454, 457 (1993).

> "[T]o support a conclusion of disability, the Commission must find: (1) that plaintiff was incapable after his injury of earning the same wages he had earned before his injury in the same employment, (2) that plaintiff was incapable after his injury of earning the same wages he had earned before his injury in any other employment, and (3) that this individual's incapacity to earn was caused by plaintiff's injury.

*Hilliard v. Apex Cabinet Co.*, 305 N.C. 593, 595, 290 S.E.2d 682, 683 (1982).

The Commission erred by concluding Plaintiff was temporarily totally disabled from 28 September 2017 to 21 April 2018. Plaintiff did not consult Dr. McGirt until 27 December 2017. Dr. McGirt's testimony and medical records confirm he was unaware of the 24 September 2016 accident at the time he treated Plaintiff more than a year later. Dr McGirt also testified he knew from Plaintiff's complaints and records that she had a pre-existing history of neck and back pain. Dr. McGirt recommended Plaintiff stop working on 8 January 2018. Plaintiff was only disabled from 10 January 2018 to 21 April 2018.

## V. Conclusion

The Full Commission's conclusion that Plaintiff's condition was causally related to her 24 September 2016 injury is unsupported by its findings of fact. Plaintiff failed to show a reasonable excuse for failing to timely notify her employer of her injury and that Defendants were not prejudiced by the 471 days delayed injury report. Defendants were unable to provide timely diagnosis and treatment to Plaintiff in the absence of statutory notice. Undisputed facts show Plaintiff was only disabled from 10 January 2018 to 21 April 2018. The opinion and award of the Commission is reversed and remanded. *It is so ordered.*

REVERSED AND REMANDED.

Judge Gore concurs.

Judge Jackson dissents with separate opinion.

JACKSON, Judge, dissenting.

Defendants appeal from the Commission's Opinion and Award in favor of Plaintiff. The majority reverses the Commission, holding that the Commission's findings do not support its conclusions. I believe the majority misapplies the standard of review and would affirm the Commission's Opinion and Award. Therefore, I respectfully dissent.

## I.    Background

Except where noted below, I agree with the facts as described by the majority.

## II.    Standard of Review

The North Carolina Industrial Commission is the "sole judge" of the weight and credibility of evidence in worker's compensation disputes. *Deese v. Champion Int'l Corp.*, 352 N.C. 109, 115, 530 S.E.2d 549, 552 (2000). *See also* N.C. Gen. Stat. § 97-86 (2021) ("The award of the Industrial Commission . . . shall be conclusive and binding as to all questions of fact[.]"). Therefore, this Court's role on appeal is limited to reviewing "(1) whether the findings of fact are supported by competent evidence, and (2) whether the conclusions of law are justified by the findings of fact." *Clark v. Wal-Mart*, 360 N.C. 41, 43, 619 S.E.2d 491, 492 (2005). This Court does not reweigh evidence on appeal. *Adams v. AVX Corp.*, 349 N.C. 676, 681, 509 S.E.2d 411, 414 (1998) ("The court's duty goes no further than to determine whether the record contains *any* evidence tending to support the finding.") (emphasis added). All evidence is viewed in the light most favorable to the plaintiff, with every inference in her favor. *Deese,* 352 N.C. at. 115, 530 S.E.2d at 553.

In my opinion, for much of its opinion, the majority applies a different standard of review and improperly reweighs the evidence all in favor of Defendants.

### III. Analysis

On appeal, Defendants argue that the Commission erred by concluding that (1) Plaintiff's injury was caused by the 24 September 2016 accident, (2) Plaintiff was temporarily totally disabled from 28 September 2017 to 21 April 2018, and (3) Plaintiff had reasonable excuse for her delayed written notice, which did not prejudice Defendant-Employer. I disagree and would affirm the Commission's conclusions.

#### A. Cause of Plaintiff's Injury

Defendants argue that the Commission erred in finding that Plaintiff's injury was caused by the September 2016 accident, effectively challenging finding 23 and conclusion two. I disagree and would affirm both.

The plaintiff in a worker's compensation case bears the burden of proving a causal relationship between the injury and work-related incident for compensability. *Whitfield v. Lab'y Corp.*, 158 N.C. App. 341, 350, 581 S.E.2d 778, 784 (2003). To establish causation, "the evidence must be such as to take the case out of the realm of conjecture and remote possibility." *Id.* at 350, 581 S.E.2d at 785 (internal quotation and citation omitted). "[W]here the exact nature and probable genesis of a particular type of injury involves complicated medical questions far removed from the ordinary experience and knowledge of laymen, only an expert can give competent opinion

evidence as to the cause of the injury." *Click v. Pilot Freight Carriers, Inc.,* 300 N.C. 164, 167, 265 S.E.2d 389, 391 (1980) (citation omitted).

¶ 40 Here, in arguing that Plaintiff's injury was not caused by the September 2016 work accident, Defendants point to Plaintiff's long history of back, neck, and limb pain. Defendants theorize that Plaintiff's injury pre-existed the work accident and argue that this theory is supported by Dr. McGirt's testimony and medical records, where he admitted that he was unaware of the September 2016 accident at the time he treated Plaintiff and knew from Plaintiff's records that she had a history of neck and back discomfort. Defendants further contend that "Dr. McGirt's treatment was only related to [Plaintiff's long history of] chronic back and neck pain."

¶ 41 The majority agrees with Defendants and this argument. I believe this argument should be rejected because it improperly asks this Court to reweigh evidence on appeal. As described *supra*, the Commission found that Plaintiff's injury was caused by the 24 September 2016 accident. Because Plaintiff's injury involves complicated medical questions, "only an expert can give competent opinion evidence as to the cause of the injury." *Click*, 300 N.C. at 167, 265 S.E.2d at 391.

¶ 42 In his deposition, Dr. McGirt testified that Plaintiff's spinal cord injury was more likely than not caused by the September 2016 accident. Although Dr. McGirt did not discuss causation with Plaintiff at her appointments, Dr. McGirt based his opinion on the fact that Plaintiff's "spinal cord compression from [] two very large disc

herniations[] had to have come from a more sizable injury" and the September 2016 accident was the most fitting injury in her recent history. Dr. McGirt opined that this type of spinal cord injury, which he deals with frequently, can often take one to two years to become symptomatic. Dr. McGirt was continually asked in his deposition whether Plaintiff's medical history of back, neck, or limb pain impacted his opinion about the underlying cause of Plaintiff's spinal cord injury. Dr. McGirt repeatedly replied that it did not change his opinion on causation because "pain syndrome [is] very different than what [he] was treating which was neurological dysfunction and loss of function." Defendants fail to mention any of this evidence in their brief, despite their contention that Dr. McGirt's testimony supports their argument, and the majority similarly ignores this record evidence, despite concluding that the Commission's causation finding was unsupported.

¶ 43 I would therefore hold that the Commission's finding that Plaintiff's injury was caused by the September 2016 accident was supported by competent evidence in the form of Dr. McGirt's expert medical testimony, and the Commission did not err in concluding that the causation requirement for compensability was satisfied.

**B. Length of Plaintiff's Disability**

¶ 44 Defendants next argue that the Commission erred in finding that Plaintiff's disability began on 28 September 2017, at the onset of her spinal compression symptoms, and argue instead that Plaintiff's disability began on 10 January 2018,

when Dr. McGirt put Plaintiff on work restrictions. Defendants therefore effectively challenge finding 25 and conclusion six.

¶ 45     Under the North Carolina Workers' Compensation Act, disability is defined as "incapacity because of injury to earn the wages which the employee was receiving at the time of injury in the same or any other employment." N.C. Gen. Stat. § 97-2(9) (2021). The burden of proving disability is on the plaintiff. *Hilliard v. Apex Cabinet Co.,* 305 N.C. 593, 595, 290 S.E.2d 682, 683 (1982). In order to conclude that a disability existed, the Commission must find

> (1)     that plaintiff was incapable after his injury of earning the same wages he had earned before his injury in the same employment,
>
> (2)     that plaintiff was incapable after his injury of earning the same wages he had earned before his injury in any other employment, and
>
> (3)     that this individual's incapacity to earn was caused by plaintiff's injury.

*Id.* (citation omitted).

¶ 46     Here, Defendants argue that the first prong is not satisfied, because Plaintiff was not under work restrictions until her appointment with Dr. McGirt on 10 January 2018, and Nurse Gantt did not put restrictions on Plaintiff's ability to work at her 28 September 2017 appointment. However, Defendants again improperly ask this Court to reweigh evidence and ignore the expert opinion of Dr. McGirt, which was relied upon by the Commission in its findings.

Finding 21, which is uncontested and binding on appeal, establishes that it was Dr. McGirt's expert opinion that Plaintiff was unable to work when she reported numbness and weakness at her 28 September 2017 appointment with Nurse Gantt. In its statement of the facts, the majority omits and ignores a portion of finding 21 which states that "Dr. McGirt also testified Plaintiff would have been unable to work from September 28, 2017, when Plaintiff began experiencing numbness and weakness." In support of this finding, Dr. McGirt testified,

> I mean she should not have been working. Any patient who has that degree of spinal cord compression should not be working and if they are able to do it it's just out of dedication and determination to do it. I mean that's a major problem. So was she physically capable to drive a car? I believe she was physically capable to drive a car but the standard of care in neurosurgery or orthopedic spine surgery is somebody with severe cervical stenosis from disc herniations should not be allowed to drive those cars or professionally go back to work until they're fixed.

Therefore, even though Plaintiff was not formally diagnosed and restricted from working by Dr. McGirt until 10 January 2018, it was Dr. McGirt's opinion that Plaintiff was unable to work at the onset of her symptoms, due to the severity of her injury. This evidence is competent to support the Commission's finding that Plaintiff was unable to work beginning on 28 September 2017, and this finding supports the Commission's conclusion that Plaintiff's temporary disability began on 28 September 2017. I would therefore affirm the Commission's disability conclusion.

The majority appears to adopt Defendants' theory that "Dr. McGirt's treatment

was only related to [Plaintiff's long history of] chronic back and neck pain[,]" stating that "[u]ncontested facts show Plaintiff's chronic medical conditions pre-existed the work accident[,]" and "Dr. McGirt also testified he knew from Plaintiff's records that she had a history of pre-existing neck and back discomfort." However, in reaching this conclusion, I believe the majority mischaracterizes the record and misapplies the standard of review. While it's true that Plaintiff had chronic medical conditions prior to the work accident, the facts are certainly not "undisputed" that her injury at issue pre-existed the work accident. Moreover, even knowing about her pre-existing neck and back pain, Dr. McGirt specifically and repeatedly testified that Plaintiff's spinal cord compression injury "had to have come from a more sizable injury" and the existence of pre-existing pain did not change his opinion that the September accident caused her spinal injury because "pain syndrome [is] very different than what [he] was treating which was neurological dysfunction and loss of function."

**C. Written Notice Requirement**

¶ 49   Defendants' final argument is that (1) Plaintiff's compensation claim should be barred because she did not provide written notice of her injury to Defendant-Employer within 30 days pursuant to N.C. Gen. Stat. § 97-22, and (2) the Commission erred by finding that Plaintiff had reasonable excuse for her delayed written notice and Defendant-Employer was not prejudiced by the delay. Therefore, Defendants effectively challenge the Commission's conclusions four and five.

¶ 50    An injured employee involved in a work-related accident generally must give written notice of the accident to her employer within 30 days in order to receive compensation for the injury.  N.C. Gen. Stat. § 97-22 (2021).  The notice requirement can be waived by the Commission if (1) "reasonable excuse is made to the satisfaction of the Industrial Commission for not giving such notice" and (2) "the Commission is satisfied that the employer has not been prejudiced thereby."  *Id.*

¶ 51    "A 'reasonable excuse' has been defined by this Court to include a belief that one's employer is already cognizant of the accident or where the employee does not reasonably know of the nature, seriousness, or probable compensable character of his injury and delays notification only until he reasonably knows."  *Yingling v. Bank of Am.*, 225 N.C. App. 820, 828, 741 S.E.2d 395, 401 (2013) (internal quotation and citation omitted).  The employee bears the burden of showing a reasonable excuse.  *Id.*  Either the employer's actual knowledge or the employee's lack of knowledge suffice to show reasonable excuse, but both are not required.  *Id.* at 832, 741 S.E.2d at 403.

¶ 52    Even if the employee had a reasonable excuse, if the defendant-employer shows it was prejudiced by delayed notice, the employee's claim is barred.  *Id.* at 832, 741 S.E.2d at 403-04.  This Court has repeatedly held that "[a] defendant-employer bears the burden of showing that it was prejudiced."  *See e.g., id.* at 832, 741 S.E.2d at 403 (internal citation omitted); *Chavis v. TLC Home Health Care*, 172 N.C. App. 366, 378,

616 S.E.2d 403, 413 (2005); *Lakey v. U.S. Airways, Inc.*, 155 N.C. App. 169, 172-73, 573 S.E.2d 703, 706 (2002); *Peagler v. Tyson Foods, Inc.*, 138 N.C. App. 593, 604, 532 S.E.2d 207, 214 (2000). The majority incorrectly states that it is the Plaintiff's burden to prove Defendant-Employer was not prejudiced and that the Commission engaged in impermissible burden shifting.

¶ 53 With regard to prejudice, our Supreme Court has held that the "purpose of the notice-of-injury requirement is two-fold. It allows the employer to provide immediate medical diagnosis and treatment with a view to minimizing the seriousness of the injury, and it facilitates the earliest possible investigation of the circumstances surrounding the injury." *Booker v. Duke Medical Center*, 297 N.C. 458, 481, 256 S.E.2d 189, 204 (1979). The Commission's conclusion that an employer was not prejudiced can be supported by findings showing that the "purpose[] of the notice requirement [was] vindicated[.]" *Gregory v. W.A. Brown & Sons*, 363 N.C. 750, 762, 688 S.E.2d 431, 439 (2010). The purpose of the notice requirement is vindicated where the defendant-employer "had immediate, actual knowledge of the accident and failed to further investigate the circumstances surrounding the accident at that time." *Yingling,* 225 N.C. App at 834, 741 S.E.2d at 405 (citation omitted).

¶ 54 Here, it is uncontested that Plaintiff filed her disability claim after the 30-day statutory window. Therefore, I would only address conclusions four and five of the Commission, which are directly challenged by Defendants.

¶ 55        In conclusion four, which contains mixed findings of fact and law, the Commission concluded that Plaintiff had reasonable excuse for the delayed notice, finding both that Plaintiff reported the accident to Defendant-Employer on the day of the accident and that "she did not reasonably know of the nature or seriousness of her injury immediately following the accident." The finding that Plaintiff communicated with Defendant-Employer on the day of the accident is not challenged by Defendants on appeal and is therefore binding. The finding regarding Plaintiff's knowledge of her injury is supported by competent evidence, because Dr. McGirt testified that Plaintiff "didn't realize she had a spinal cord issue" at her appointments and Plaintiff told Defendant-Carrier that she did not believe she was badly hurt immediately following the accident. The majority summarily concludes that "Plaintiff failed to show a reasonable excuse" without discussing the Commission's findings or corresponding evidence regarding Defendant-Employer's actual knowledge of Plaintiff's injury or Plaintiff's lack of knowledge of her injury's seriousness.

¶ 56        Defendants argue that Defendant-Employer should have been notified of Plaintiff's injury at the latest when Plaintiff was referred to Dr. McGirt in December 2017, because by then Plaintiff should have realized the seriousness of her injury. In essence, Defendants ask this Court to find as a fact that Plaintiff knew or should have known of the seriousness of her injury in December 2017, and therefore did not have

a reasonable excuse to wait until February 2018 to report the injury. However, the Commission is the "sole judge" of the weight and credibility of witnesses on appeal, and this Court should decline to reweigh the evidence in Defendants' favor. Therefore, I would uphold the Commission's finding of reasonable excuse, because Defendant-Employer had actual notice of the accident and Plaintiff did "not reasonably know of the nature, seriousness, or probable compensable character of [her] injury and delay[ed] notification only until [she] reasonably [knew.]" *Yingling*, 225 N.C. App. at 828, 741 S.E.2d at 401.

In conclusion five, the Commission found that Defendants were not prejudiced by the delayed notice because "Defendant-Employer had actual, immediate notice of Plaintiff's accident on the day of the accident" which "allowed ample opportunity to investigate Plaintiff's condition following the violent truck accident and direct Plaintiff's medical care." Defendants do not contest the Commission's finding of actual notice, and therefore I would hold that it is binding on appeal.

Defendants argue that they were prejudiced in two ways: (1) "by forcing a course of treatment that may not have been required, as [Plaintiff's] cervical stenosis began in 2010," and (2) written notice of injury 471 days after the accident is prejudicial "regardless of the circumstances." I would decline to address the first argument, which is not supported by the Commission's binding factual finding that Plaintiff's injury was caused by the work accident, as discussed extensively above.

¶ 59　　Defendant's second argument is unsupported by statute or case law. I would decline to create a *per se* rule of prejudice, which would abrogate the Commission's statutory role in evaluating prejudice on a case-by-case basis. Because I believe the Commission's finding of Defendant-Employer's actual notice is sufficient to vindicate the purpose of the notice requirement, I would hold that this finding supported the conclusion that Defendants were not prejudiced.

¶ 60　　In its recitation of the facts, the majority omits a portion of finding of fact 23, which states

> The Full Commission further finds that Defendant-Employer had actual notice of Plaintiff's September 24, 2016 injury by accident on or about September 24, 2016, when Plaintiff reported the wreck to Defendant-Employer, and that Plaintiff had reasonable excuse for the delay in providing written notice of her accident to Defendant-Employer as she did not reasonably know of the nature or seriousness of her injury immediately following the accident. The Full Commission further finds that Defendants failed to show they were prejudiced by any delay in the notice of Plaintiff's accident.

¶ 61　　Thereafter, the majority holds that

> There are no "credibility determinations" for the Commission to make when undisputed facts and evidence are admitted, and the statutory mandates are clear and unambiguous. If the General Assembly had not considered the statutory 30 days written notice to be mandatory and enforced as a matter of public policy, verbal or actual notice to the employer alone under the statute would be sufficient. The statute allows the Plaintiff to show a "reasonable excuse" and no prejudice incurred by the Defendants as a failsafe to the otherwise mandatory notice timelines.

¶ 62        Not only does the majority omit the Commission's finding of reasonable excuse, it also wholly ignores the law on "actual notice" as provided above, that the purpose of the notice requirement is vindicated where a defendant-employer "had immediate, actual knowledge of the accident and failed to further investigate the circumstances surrounding the accident at that time." *Yingling*, 225 N.C. App at 842, 741 S.E.2d at 405. Defendants never contest that they received actual notice, and the majority glosses over its significance in this case and its opinion.

¶ 63        Additionally, the majority, by improperly shifting the burden of disproving prejudice to Plaintiff, holds that "[t]he record shows no evidence was admitted to support [the Commission's] finding Defendants were not prejudiced by Plaintiff's 471-day failure to provide the statutory written notice." However, as correctly noted by the Commission, Defendant-Employer is the one who has failed to admit evidence to prove prejudice, not Plaintiff. The Defendants did not offer any testimony to show that Plaintiff's course of treatment would have been different, or that surgery was avoidable, if she had provided written notice within the statutory window and likewise do not point to any record evidence to support their theory that Dr. McGirt "forc[ed] a course of treatment that may not have been required[.]" The majority holds that Defendant-Employer was deprived of the opportunity to manage Plaintiff's injury treatment by impliedly assuming that "early and timely diagnosis and treatment" would have been possible in this case. However, not only does this

arguably engage in impermissible fact-finding solely in the province of the Commission, but the Commission specifically found, and competent record evidence supports, that the onset of Plaintiff's severe symptoms and loss of function, which signaled the need for further treatment, did not even begin until over a year after Plaintiff's work injury.

## IV.    Conclusion

For the foregoing reasons, I would affirm the Commission's conclusions that (1) Plaintiff's injury was caused by the 24 September 2016 accident, (2) Plaintiff was temporarily totally disabled from 28 September 2017 to 21 April 2018, and (3) Plaintiff had reasonable excuse for her delayed written notice, which did not prejudice Defendant-Employer.  Accordingly, I respectfully dissent.